UNITED STATES of America

v.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND; United States Fidelity and Guaranty Company; Century Indemnity Company; and Maryland Casualty Company.

Civ. A. No. 1752.

United States District Court

D. Vermont.

July 9, 1957.

Edmunds, Austin & Wick, Burlington, Vt., for Century Indemnity Co. and Maryland Casualty Co.

Charles F. Ryan, Rutland, Vt., for United States Fidelity and Guaranty Co.

A. Pearley Feen, Burlington, Vt., and Maurice, McNamee & Dart, New York City, for Fidelity and Deposit Company of Maryland.

GIBSON, District Judge.

### Statement Of the Case

This is a civil action brought by the United States of America, pursuant to the provisions of Section 1345, Title 28, U. S. Code, for alleged shortages in the accounts of a Post Office employee in the Burlington, Vermont, Post Office. The action was filed on December 28, 1954, and in it the United States of America seeks to recover $30,000 from defendant Century Indemnity Company, $15,000 from defendant Maryland Casualty Company or United States Fidelity and Guaranty Company, and $40,000 from defendant Fidelity and Deposit Company of Maryland.

The complaint alleges that one Christie L. Merrill was employed as a Clerk in the Burlington, Vermont, Post Office from March, 1926 to June 30, 1938, and was principal on a surety bond which was annually renewed with the defendant United States Fidelity and Guaranty Company as surety to cover the faithful performance of his duties; that from July 1, 1938, through July 1, 1948, he was principal on similar bonds issued or annually renewed on which defendant Fidelity and Deposit Company of Maryland was surety. It appears that between February 21, 1933, and July 1, 1948, Christie Merrill embezzled a total of $85,000. Defendant Maryland Casualty Company was surety on the Postmaster's bond for the period March 22, 1932, to April 28, 1936, and defendant Century Indemnity Company was surety on the Burlington Postmaster's bond from May, 1936, to May, 1948. The face amount of each of Merrill's bonds was $5,000 and those of the Postmasters were in excess of $40,000. Thus if Merrill embezzled more than $5,000 in any one year, it is the plaintiff's contention that the bondsmen of the Postmaster were held for the balance. The sole issue here is which bondsmen are liable, and for how much.

### Findings of Fact

1. The defendant Fidelity and Deposit Company of Maryland is a corporation organized under the laws of the

State of Maryland, having its principal office at Baltimore, Maryland, and is authorized to do business under the laws of the State of Vermont.

2. The defendant United States Fidelity and Guaranty Company is a corporation organized under the laws of the State of Maryland, having its principal office at Baltimore, Maryland, and is authorized to do business under the laws of the State of Vermont.

3. The defendant Century Indemnity Company is a corporation organized under the laws of the State of Connecticut, having its principal office at Hartford, Connecticut, and is authorized to do business in the State of Vermont.

4. On March 11, 1926, Christie L. Merrill, as principal, and the defendant, United States Fidelity and Guaranty Company, as surety, issued a bond to the plaintiff in the amount of $5,000 to cover the faithful performance of the duties of the said Merrill as a clerk in the United States Post Office at Burlington, Vermont.

5. Annual premium payments on the bond were made from 1926 to June 30, 1938, and the bond was renewed by the defendant, United States Fidelity and Guaranty Company, for each yearly period.

6. On July 1, 1938, Christie L. Merrill, as principal, and the Fidelity and Deposit Company of Maryland, as surety, issued a bond to the plaintiff in the amount of $5,000 to cover the faithful performance of the duties of the said Merrill as a clerk in the United States Post Office at Burlington, Vermont, which was effective to May 21, 1949, when the bond was increased to $10,000.

7. Annual premium payments on the bonds were made from 1938 to 1953, inclusive, and the bonds were renewed by the defendant, Fidelity and Deposit Company of Maryland, for each yearly period, and were in effect until the decease of the said Christie L. Merrill on June 25, 1953.

8. Patrick Mahoney, now deceased, was Postmaster of the United States Post Office at Burlington, Vermont, from May, 1936 through May, 1948.

9. During the period in which the said Patrick Mahoney was Postmaster, he, as principal, and the defendant, Century Indemnity Company, issued bonds to the plaintiff to cover the faithful performance of the duties of the said Patrick Mahoney as Postmaster in said United States Post Office at Burlington, Vermont, in the following amounts:

| | |
|---|---|
| May 8, 1936 | $44,000.00 |
| December 13, 1938 | 46,000.00 |
| June 28, 1940 | 46,000.00 |
| May 13, 1943 to May 31, 1948 | 49,000.00 |

10. Annual premium payments on the aforesaid bonds were made from 1936 to 1948, inclusive, and the bonds were renewed by the defendant, Century Indemnity Company, for each yearly period.

11. Percy E. Bevins, now deceased, was Postmaster of the United States Post Office at Burlington, Vermont, from March 22, 1932 to April 28, 1936.

12. During the period in which the said Percy E. Bevins was Postmaster, he, as principal, and the defendant, Maryland Casualty Company, issued bonds to the plaintiff to cover the faithful performance of the duties of the said Percy E. Bevins as Postmaster in said Post Office in the sum of $48,000.

13. Annual premium payments on the aforesaid bonds were made from 1932 to 1936, inclusive, and the bonds were renewed by the defendant, Maryland Casualty Company, for each yearly period.

14. The said Christie L. Merrill, during the respective periods of coverage of said bonds and the renewals thereof, failed to account for, deliver and pay over to the proper official the respective items that came into his hands by virtue of his office as hereinafter set forth:

| Period of Bond | Amt. of Bond | Amt. of Embezzlement | Period of Embezzlement | Amt. by which bond is exceeded | Bonding Company |
|---|---|---|---|---|---|
| 2/21/33 –1934 | $5,000. | $ 5,000. | June, Sept. or Dec. 1933 | None | USF&G- Maryland Cas. Co. |
| 2/21/34 –1935 | 5,000. | 5,000. | March 1934 | None | USF&G- Maryland Cas. Co. |
| 2/21/35 –1936 | 5,000. | None | | | USF&G- Maryland Cas. Co. |
| 2/21/36 –1937 | 5,000. | 5,000. | Sept. 1936 | None | USF&G- Maryland Cas. Co. |
| 2/21/37 –1938 | 5,000. | None | | | |
| 2/21/38 –6/30/38 | 5,000. | None | | | |
| 7/1/38 –1939 | 5,000. | 5,000. | Jan.- Sept. 1938 | None | Fid. & Century Co. Deposit- Indemn. |
| 7/1/39 –1940 | 5,000. | 10,000. | Sept. 1939 | $ 5,000. | " " " |
| | | 10,000. | March or June 1940 | 10,000. | " " " |
| 7/1/40 –1941 | 5,000. | None | | | " " " |
| 7/1/41 –1942 | 5,000. | 10,000. | March or June 1942 | 5,000. | " " " |
| 7/1/42 –1943 | 5,000. | 10,000. | Dec. 1942 | 5,000. | " " " |
| 7/1/43 –1944 | 5,000. | 5,000. | March 1944 | None | " " " |
| | | 5,000. | March or June 1944 | 5,000. | " " " |
| 7/1/44 –1945 | 5,000. | 5,000. | March or June 1945 | None | " " " |
| 7/1/45 –1946 | 5,000. | 5,000. | April 11, 1946 | None | " " " |
| 7/1/46 –1947 | 5,000. | None | | | |
| 7/1/47 –1948 | 5,000. | 5,000. | Aug. 20, 1947 | None | " " " |
| Totals............ | | $85,000. | | $30,000. | |

15. All of the specific amounts embezzled are identified as having been taken on dates and times covered by a particular bond except the one in the sum of $5,000 in 1938, sometime between January and September, the exact date being unknown. During this period the bond of the United States Fidelity and Guaranty Company expired on June 30, 1938, and the bond of Fidelity and Deposit Company of Maryland became effective on July 1, 1938. The bond of the Century Indemnity Company was in effect during the whole period of this loss.

16. There has been received from Christie L. Merrill the amount of $515.31, which has been applied against the shortage, leaving a balance of $84,484.69 as the total amount embezzled.

17. The form of said bond was promulgated by United States of America and said bond was executed by Merrill and by Fidelity upon a printed form prepared by United States of America.

18. Since the plaintiff and defendants Fidelity and Deposit Company of Maryland and United States Fidelity and Guaranty Company have stipulated the following facts—I find them to be the fact—but I rule them to be immaterial.

a. The records of the Post Office Department do not disclose any claims against corporate sureties prior to July 1, 1938, in which the established loss or embezzlement was in excess of the penalty stated in the bond.

b. Prior to July 1, 1938 the Post Office Department did not make demand upon any corporate surety in any case for a sum in excess of the penalty stated in the bond of such corporate surety.

c. Prior to July 1, 1938 neither the Postmaster nor the United States of America nor anyone acting in behalf of either of them asserted an interpretation that any bond like the bond here involved provided for cumulative liability.

d. Neither United States of America nor the Post Office Department has in its possession any release or official document issued prior to July 1, 1938 interpreting the bond involved in this action, or any similar bond, as providing for cumulative liability.

e. During the years 1938 to 1946, inclusive, the Post Office Department did not make demand upon Fidelity for a sum in excess of the penalty stated in any bond in the same form as the bond here in suit.

f. During the years 1938 to 1946, inclusive, neither the Postmaster nor the United States of America nor anyone acting on behalf of either of them asserted an interpretation that any bond of Fidelity in the same form as the bond here in suit provided for cumulative liability.

g. Neither the United States of America nor the Post Office Department has in its possession any release or official document interpreting the bond involved in this action, or any similar bond issued by Fidelity, as providing for cumulative liability.

h. At no time prior to July 1, 1947 did United States of America or the Post Office Department assert against Fidelity a claim of cumulative liability upon the bond in suit. The only assertion of claim for cumulative liability upon said bond is as stated in the complaint in this action.

19. The form of bond which is the basis of this action is substantially as follows:

"That we *(employee)* and *surety*, bind ourselves to pay to the United States of America the sum of $5,000. The condition of this obligation is that if employee shall, on and after *(date)*, discharge all his employment duties and trusts without violating the law, then this obligation shall be void; otherwise, of force."

20. The United States of America asserted against United States Fidelity and Guaranty Company on August 19, 1953, a claim for $15,000 on liability alleged as a result of the Christie L. Merrill embezzlements.

21. The United States of America asserted against Fidelity and Deposit Com-

pany of Maryland on August 19, 1953, a claim for $40,000 on liability alleged as a result of the Christie L. Merrill embezzlements.

22. The United States of America asserted against Century Indemnity Company on August 25, 1953, a claim for $30,000 on liability alleged as a result of the Christie L. Merrill embezzlements.

23. On November 4, 1955, Century Indemnity Company tendered $29,484.69 to the United States of America. This tender was refused. On August 9, 1956, Century Indemnity Company deposited the sum of $29,484.69 with the United States of America to be applied toward its obligation.

## Conclusions of Law

The first question this Court must decide is whether the bonds issued Merrill by United States Fidelity and Guaranty Company and Fidelity and Deposit Company of Maryland, and renewed yearly, created a cumulative liability or merely a continuing one.

Here it is interesting to note that Merrill purchased a bond from defendant United States Fidelity and Guaranty Company on February 21, 1933, in the amount of $5,000. During the year 1933 he embezzled $5,000 from the plaintiff. Thus by the time he renewed his bond with United States Fidelity and Guaranty Company on February 21, 1934, and paid his premium, under the theory of continuing liability, he was not paying for any coverage since he had already embezzled $5,000. This doesn't make sense. The same would hold true for the bonds he renewed each February thereafter through February, 1938.

Likewise we find that on July 1, 1938, Merrill changed his bonding company to defendant Fidelity and Deposit Company of Maryland. He renewed this bond on July 1, 1939, and during the next year embezzled $20,000. Thus there could have been no consideration running from the Company to him for his renewals each July 1 from 1940 through 1947.

■ There is no Vermont case directly in point on this question. Nor is this Court inclined to believe it would have to follow Vermont precedent in this case, since this is not a case relying on diversity for jurisdiction. This is an action expressly authorized by United States Statute. (Sec. 1345, Title 28, U.S. Code).

The United States Court of Appeals for the Second Circuit, in 1956, decided that in an action where jurisdiction is based on 28 U.S.C.A. Section 1345, rather than on diversity of citizenship, a federal court is not bound by Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, to look to the law of the State. See Reconstruction Finance Corp. v. United Distillers Products Corp., 2 Cir., 229 F.2d 665.

■ Furthermore, there is precedent established by the Second Circuit Court of Appeals holding that these bonds create a cumulative liability and not a continuing one. In United States v. American Surety Co. of N. Y., 2 Cir., 172 F.2d 135, 7 A.L.R.2d 940, Judge Clark, in a case very similar to this one, handed down a carefully reasoned opinion holding that there is cumulative liability on such bonds. With this I concur, and so hold here.

■ Pursuant to a stipulation signed by the United States Attorney and Fidelity and Deposit Company of Maryland and United States Fidelity and Guaranty Company to the effect that if the liability should be determined to be cumulative Fidelity and Deposit Company of Maryland would owe $35,000 and United States Fidelity and Guaranty Company would owe $15,000, I will so assess the liability, with one exception—I do not agree that the $5,000 loss which occurred in 1938 should be shifted over to Century Indemnity Company merely because there is a question about the exact date of the embezzlement. United States Fidelity and Guaranty Company's coverage ended on June 30, 1938, and Fidelity and Deposit Company of Maryland's coverage began on July 1, 1938. Though it may be true that the exact date of the embezzlement cannot be proved, it must be remembered that the liability of

United States Fidelity and Guaranty Company and Fidelity and Deposit Company of Maryland was primary, whereas the liability of Century Indemnity Company was only secondary. Century's liability would arise only if the liability of the primary carriers were *exceeded*. Such was not the case here. Either United States Fidelity and Guaranty Company or Fidelity and Deposit Company of Maryland is liable for the $5,000 embezzled in 1938. Since under the circumstances it would be unfair to impose the full amount upon either one of them, I have decided that equity demands that they each pay one-half. Furthermore, it appears that the pattern of Merrill's embezzlements indicated that he usually embezzled in the spring and in the fall. While perhaps the entire amount of the 1938 loss should be thrown upon either Fidelity and Deposit Company of Maryland or United States Fidelity and Guaranty Company, we do not know which one. Therefore, equity and good conscience demand that they share the burden.

I conclude, therefore, that Fidelity and Deposit Company of Maryland must pay $37,500 plus interest at the rate of 6% from the date of August 20, 1953, until paid, and United States Fidelity and Guaranty Company must pay $17,500 plus interest at the rate of 6% from the date of August 20, 1953, until paid. Five hundred fifteen dollars and thirty one cents has been recovered from Christie L. Merrill, and because the liability of Century Indemnity Company was only secondary, that amount will be subtracted from its total, which otherwise would have been $30,000.

Century Indemnity Company, having tendered that sum—namely, $29,484.69, on November 4, 1955, and having actually paid that sum to the United States on August 9, 1956, is held to be owing the plaintiff $3,877.19, that amount being the interest at 6% on $29,484.69 for the interval between August 25, 1953, and November 4, 1955.

On March 27, 1956, defendant Maryland Casualty Company entered a confession of judgment in the amount of $5,000 and on August 24, 1956, deposited that amount with the Clerk of this Court. Since this Court is holding that the cumulative theory of liability prevails here rather than the continuing theory, we hold that defendant Maryland Casualty Company is in no way liable in this matter and its confession of judgment should be stricken and its $5,000 be returned to it.

### Judgment Order

It is hereby adjudged and decreed that defendant Fidelity and Deposit Company of Maryland pay to the United States the sum of $37,500 plus interest at 6% from August 20, 1953, until date of payment; that defendant United States Fidelity and Guaranty Company pay to the United States $17,500 plus interest at 6% from August 20, 1953, to date of payment; that defendant Century Indemnity Company pay to the United States $3,877.19 plus interest at 6% from this date to date of payment; that the complaint be dismissed as to defendant Maryland Casualty Company and that the $5,000 deposited with the Clerk of this Court by it on August 24, 1956, be forthwith returned to it.