Josephine W. GORDON

v.

**WORCESTER MEMORIAL HOSPITAL.**

Civ. A. No. 58-373-A.

United States District Court
D. Massachusetts.

April 28, 1958.

William C. Ellis, Boston, Mass., Robert Shaw, Exeter, N. H., for plaintiff.

James T. Connolly, Newburyport, Mass., for defendant.

George Fingold, Atty. Gen., of Massachusetts, Hugh Morton, Asst. Atty. Gen., for intervener.

ALDRICH, District Judge.

Carl Edward Kakas died domiciled in Maine. By his will there probated he made a bequest to the defendant herein, a Massachusetts hospital, upon certain conditions or restrictions. This defendant has now closed its doors, and contracted to transfer its assets, including this legacy, to another Massachusetts hospital. The plaintiff, an heir of Kakas, brings this diversity action, and requests a preliminary injunction to prevent the transfer on the ground that the bequest has failed, so that the fund reverts to the heirs or the estate.

I will assume for present purposes that the plaintiff is a proper party to bring the action. She relies for her substantive relief upon Maine law. The defendants say that a trust having been established in Massachusetts, questions of its administration are to be determined by the law of that state. I suspect this argument assumes the point, and that the initial question, the construction and effect of the bequest, is governed by the law of the domicile. See, e. g., McCurdy v. McCallum, 186 Mass. 464, 72 N.E. 75.

It so happens that the interpretation of this bequest has been determined on the merits by a single justice of the Massachusetts Supreme Judicial Court adversely to the plaintiff, and is now pending under advisement, on an appeal by, however, other parties. Plaintiff says she is not a person concluded by that decision because neither she nor any other representative of the estate was given notice, nor is a party thereto. I find her premise correct, but do not pass upon the ultimate soundness of her conclusion. The motion for a preliminary injunction must be denied. It seems to me this is precisely the kind of case where I am forbidden so to interfere with state court proceedings. 28 U.S.C.A. § 2283. Cf. Harrison v. Triplex Gold Mines, 1 Cir., 33 F.2d 667.

What I am to do hereafter is not altogether clear. The defendant says I must dismiss, citing Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L.Ed. 226. I will not decide that question without giving plaintiff a further opportunity to be heard. Meanwhile, she might be well advised to seek to intervene in the state court. Under Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, I must look to the Massachusetts law for my ultimate guidance, even as to what substantive law is to be applied. Sampson v. Channell, 1 Cir., 110 F.2d 754, 128 A.L.R. 394, certiorari denied 310 U.S. 650, 60 S.Ct. 1099, 84 L.Ed. 1415. The defendant, if I do not dismiss, will doubtless bring the ultimate Massachusetts decision to my attention even though plaintiff is not a party thereto. On the other hand, the plaintiff may say in the present posture of those proceedings that this question was not attempted to be decided on the basis of the Maine law, and the point not having been considered, the decision is not pertinent authority. Cf. Payne v. City of Providence, 1 Cir., 182 F.2d 888. I leave such matters for later consideration.