**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND, United States Fidelity and Guaranty Company, and Century Indemnity Company, Defendants-Appellants.**

**No. 187, Docket 24841.**

United States Court of Appeals
Second Circuit.

Argued April 15, 1958.

Decided April 30, 1958.

Stewart Maurice, of Maurice, McNamee & White, New York City (A. Pearley Feen, Burlington, Vt., on the brief), for defendant-appellant Fidelity and Deposit Co. of Md.

James T. Haugh, Rutland, Vt. (Ryan, Smith & Carbine, John D. Carbine, Rut-

land, Vt., on the brief), for defendant-appellant U. S. Fidelity and Guaranty Co.

Hilton A. Wick, of Edmunds, Austin & Wick, Burlington, Vt., for defendant-appellant Century Indemnity Co.

Lionel Kestenbaum, Atty., Dept. of Justice, Washington, D. C. (George Cochran Doub, Asst. Atty. Gen., and Samuel D. Slade, Atty., Dept. of Justice, Washington, D. C., and Louis G. Whitcomb, U. S. Atty., Dist. of Vt., Springfield, Vt., on the brief), for U. S. A., plaintiff-appellee.

Before CLARK, Chief Judge, and LUMBARD and WATERMAN, Circuit Judges.

PER CURIAM.

As did Judge Gibson below, D.C.Vt., 153 F.Supp. 848, we accept the decision in United States v. American Surety Co. of N. Y., 2 Cir., 172 F.2d 135, 7 A.L.R.2d 940, certiorari denied American Surety Co. of N. Y. v. United States, 337 U.S. 930, 69 S.Ct. 1494, 93 L.Ed. 1737, as authority for cumulative, rather than single-year, liability upon the fidelity bonds given as sureties by the defendant companies against loss from a post-office clerk in Burlington, Vermont, who later proved to be an embezzler. Hence as to the major recovery allowed below we are content to accept the opinion and decision of the district court. But we feel constrained to modify the recovery allowed in one comparatively small aspect. This concerns the loss of $5,000 in 1938, when each of the defendants was surety for half a year. Since Judge Gibson could not determine just when the loss occurred, he divided it equally between the two defendants Fidelity and Deposit Company of Maryland and United States Fidelity and Guaranty Company. Even though this is an equitable result, it does not accord with the federal and majority rule which recognizes a presumption that the loss occurred in the last term and places a burden upon the last surety to show that the loss occurred in previous terms. Bruce v. United States, 17 How. 437, 442, 443,

58 U.S. 437, 442, 443, 15 L.Ed. 129; United States v. Honsman, 9 Cir., 70 F. 581; Thurston County v. Chmelka, 138 Neb. 696, 294 N.W. 857, 132 A.L.R. 1077, with annotation citing cases at 1084, 1093–1095. Moreover, the defalcation was not discovered until 1953, the year in which the post-office clerk died, and Fidelity and Deposit Company of Maryland continuously had been surety from July 1, 1938, until 1953. Accordingly we direct that the judgment below be modified to provide that the 1938 loss of $5,000 be placed upon Fidelity and Deposit Company of Maryland, the last surety, with appropriate adjustment of interest.

As so modified the judgment is affirmed.