Albert **FETTER** and **Mary Louise Fetter,** **His Wife, Jointly, Appellants,**

v.

**UNITED STATES of America,** **Appellee.**

Nos. 13684, 13685.

United States Court of Appeals Sixth Circuit.

Aug. 10, 1959.

Theodore F. Hughes, Berkley, Mich., for appellant.

John M. Chase, Jr., Asst. U. S. Atty., Detroit, Mich. (Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before SIMONS and MILLER, Circuit Judges, and SHELBOURNE, District Judge.

SHELBOURNE, District Judge.

The appeals are from a judgment of the District Court where two separate actions were filed against Albert Fetter and Mary Louise Fetter by the United States after it became the owner of notes by assignment. Each of the notes was a Title I, Federal Housing Administration note executed for work done on property owned by the makers of the notes as tenants by the entireties. None of the four notes was secured by mortgage, mechanic's statutory lien or other security.

Prior to the filing of the suits, Albert Fetter was discharged in bankruptcy and pled his discharge as a complete defense. The wife alleged that none of the considerations for the loans passed to her sole and separate estate and that none of the considerations was spent on property which she "presently" owned jointly with her husband.

The District Court thus summarized the defense: "Defendants contend the bankruptcy and discharge of the defendant husband precludes the plaintiff obtaining any judgment in the actions, several and/or joint against the parties or either of the parties." [163 F.Supp. 11.]

The Trial Court entered judgment against the defendants jointly, reciting subsequently in the judgment that the husband had been adjudicated a bankrupt and that the liability of the wife thereunder should be in accordance with Sections 557.51–54, Compiled Laws of Michigan, 1948. The sections referred to are recited in Michigan Statutes Annotated as follows:

"26.181 Married woman; abolition of disability to make certain contracts. Section 1. The common law disability of married women to make and enter into the class or kind of contracts hereinafter specified in section two (2), is hereby abrogated and abolished.

"26.182 Married woman; capacity to be bound jointly with husband on written instrument. Sec. 2. Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and makes (make) themselves jointly liable with their husbands upon any written instrument as hereinafter provided. Said liability to extend, however, only to the property described in the following section.

"26.183 Liability of certain realty to seizure; liability of personalty

to garnishment. Sec. 3. Hereafter the real estate of the husband and wife owned by them as tenants by the entirety, or the real estate acquired by either as survivor of the other, or in the event of divorce the interest of either in real estate which was previously owned by them as tenants by the entirety, shall be liable to seizure and sale on execution, and all personal property and choses in action owned by husband and wife jointly with right of survivorship therein, shall be subject to writ of garnishment and all other process provided by law, in satisfaction of any judgment which has been recovered against the persons who were at the time of the execution of such written instrument husband and wife jointly or the survivor upon any instrument signed by both. In case the wife is the survivor, or in case the husband and wife have been divorced prior to the recovery of the judgment, a judgment against the wife may be satisfied only out of such property.

"26.184 Judgment or decree; enforcement, recitals; endorsement of process. Sec. 4. Such judgment or decree shall be enforced in all respects as now provided by law, except this, that in all cases where such liability is sought to be enforced as against the real estate of the husband and wife owned by them jointly as tenants by entirety or the crops, rents, profits or proceeds thereof or taken therefrom, or any personal property or choses in action owned by the husband and wife jointly with right of survivorship therein, the judgment or decree shall recite and it shall be the duty of the court to determine in such suit or proceeding whether such judgment or decree is rendered upon any written instrument and whether the parties defendant in such suit or proceeding and against whom such judgment or decree is rendered, were at the date of delivery of such instrument hus-

band and wife, naming them, which recital of fact for the guidance of the office shall be endorsed upon any writ of execution or other process issued thereon or for the collection thereof, which recital shall be conclusive as against the husband and wife and authorize the enforcement of such judgment or decree as against all property subject to the satisfaction thereof by virtue of this act."

The parties are not in disagreement that what the United States obtained was a joint or a Quasi-in-Rem judgment susceptible of being satisfied only out of property owned by defendants-appellants as tenants by the entirety in accordance with the statutes, supra.

A tenancy by the entirety in real property is an estate in land accruing to husband and wife wherein both are seized of the entirety so that neither can dispose of any part without the consent of the other, nor may either subject it to payment of his or her individual debts. Collier on Bankruptcy, 14th Edition, Vol. 4, Sec. 70.17, p. 1035. In 41 C.J.S. Husband and Wife § 34, p. 458, it is described as "a peculiar and anomalous estate." Each (husband and wife) is seized per tout et non per my; there is but one estate. Whether or not an estate by the entirety has been created in property depends upon state law. Collier on Bankruptcy, Vol. 4, p. 1039.

The contention of defendants-appellants is that the liability of the husband was discharged under Section 35 of Title 11, United States Code Annotated. That section provides that a discharge in bankruptcy releases the bankrupt from all of his provable debts whether allowable in full or in part, except six specifically defined classifications within none of which is it provided that debts contracted jointly with the wife are exempted. Counsel for defendants-appellants contend that the discharge section of the bankruptcy statute would be rendered a nullity by any decision of the Michigan Court which would, in effect, exempt the bankrupt from the protection of his discharge; that such a ruling would thereby subordi-

nate federal law to that of a state. Counsel for the plaintiff-appellee concedes that under the law of Michigan no interest of the bankrupt husband in property owned by him and his wife as tenants by the entirety passed to his trustee.

In McMullen v. Zabawski, D.C.Mich., 283 F. 552, 556, Judge Tuttle said:

"* * * but the *title itself* to the property held by such an estate is not capable of division into separate interests, undivided or otherwise, but is one 'entirety,' entirely owned by each tenant. There is, therefore, in such a tenancy, no title owned by one of such tenants, and no 'property which prior to the filing of the petition he could by any means have transferred, or which might have been levied upon and sold under judicial process against him,' and consequently no interest therein which is 'vested by operation of law,' in the trustee under section 70a(5) of the Bankruptcy Act. If, then, the premise of the defendants, that the property here involved is owned by the bankrupt and his wife as tenants by the entirety, were correct, the conclusion based thereon, that no part of such property can be reached by the plaintiff trustee, would be well founded."

Cases from the Michigan Supreme Court clearly hold that the discharge of a husband in bankruptcy does not preclude the subsequent rendition of a *joint judgment* against husband and wife which might be satisfied out of any property held by them by the entireties. Kolakowski v. Cyman, 285 Mich. 585, 281 N.W. 332.

In the case of Edwards & Chamberlin Hardware Co. v. Pethick, 250 Mich. 315, 230 N.W. 186, 187, 82 A.L.R. 1232, the court said:

"The purpose of this act is apparent. Prior to its enactment, a husband and wife whose only property interests were held by them by the entireties had much difficulty obtaining credit. At common law, neither of them could deal with the estate so held apart from the other. Neither had any interest which could be subjected by creditors so as to affect the rights of the survivor. Under this statute, a written obligation, executed by both of them, may, after recovery of a joint judgment, entered pursuant thereto, be satisfied out of any property held by them by entireties. The statute will be of no benefit to a creditor relying on it as a means of enforcing a joint obligation so created if the husband, by securing a discharge in bankruptcy, may deprive him of his right to a joint judgment against them both."

McPherson v. Gregory, 271 Mich. 580, 260 N.W. 767, and In re Estate of Lucas, 272 Mich. 1, 261 N.W. 117, are to the same effect. Under Michigan law, the judgment of the District Court would constitute a valid judgment enforceable against property owned by the appellants by the entirety.

 If jurisdiction of this Court inhered by virtue of diversity, we would be bound by the Michigan law. Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. Such is not the case. Jurisdiction here is under Section 1345 of Title 28 United States Code, an action in which the United States is plaintiff. The Erie Railroad case is not applicable. See Reconstruction Finance Corporation v. United Distillers Products Corp., 2 Cir., 229 F.2d 665; United States v. Fidelity and Deposit Company of Maryland, D.C., 153 F.Supp. 848, affirmed 2 Cir., 254 F.2d 836.

The Bankruptcy Act, Title 11 United States Code, Section 35, sub. a, regulating the scope of a discharge in bankruptcy, releases the bankrupt from all provable debts, with certain exceptions not here relevant. Subsection a(1) of Section 103 defines "provable debts" as "a fixed liability, as evidenced by a judgment or an instrument in writing, absolutely owing at the time of the filing of the petition", and Subsection a(4) provides that a "provable debt" is one upon

an "open account, or a contract express or implied."

The obligations sued on in this action are each a joint and several promise to pay on the part of the husband and wife. Under disability of coverture, the wife may validly create a joint liability with her husband that will subject their joint property to creditors' remedies for such joint obligations. Sections 26.181–26.184, Michigan Statutes Annotated, supra. It is, therefore, apparent that the husband had a joint and several liability on the notes, but that the wife was capable only of having incurred a joint liability. If the husband's joint and several liability has been discharged by his proceeding in bankruptcy, that discharge prevents a judgment not only against the husband but against the wife. Such is the reasoning in the case of Phillips v. Krakower, 4 Cir., 46 F.2d 764, 765, where it is said, "(A)lthough the bankruptcy proceeding has brought no interest in the estate by entireties into court for the benefit of the creditors of Phillips, his discharge in bankruptcy will remove that entire property beyond the reach of creditors entitled to subject it to their claims." See also Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061, referred to in the Phillips case, holding that in a federal court the bankruptcy statute controls, although admittedly an entirely different result would be reached under state law.

We, therefore, conclude that, even though the joint debt of the appellants could only be liquidated by joint assets and the entireties property could not be claimed by the Trustee, the husband's several and joint obligations were discharged because of the plain language of Section 35, sub. a. His release ipso facto precludes a judgment against the wife.

We conclude that the judgment of the District Court is erroneous and same is hereby set aside and the case remanded with instructions that the complaint be dismissed as to both appellants.