UNITED STATES of America, Plaintiff,

v.

Corrine S. RASSMUSSEN, Defendant.

No. 5-59 Civil 76.

United States District Court
D. Minnesota,
Fifth Division.

June 16, 1960.

Fallon Kelly, U. S. Atty., William S. Fallon, Asst. U. S. Atty., St. Paul, Minn., for plaintiff.

John P. Weber of Benton & Weber, Grand Rapids, Minn., for defendant.

DONOVAN, District Judge.

The plaintiff brought this action against the defendant as co-maker on a promissory note which is now in default.

Briefly, the stipulated facts of the case are these:

In May of 1956 defendant and her husband Gerald P. Rassmussen executed said note, payable in installments, to the order of the First National Bank of Grand Rapids for the purpose of securing a loan for various improvements on the Rassmussen home. This home is owned by them as joint tenants.

On May 6, 1957, Mr. Rassmussen was adjudicated a bankrupt and on October 17, 1958, was discharged in bankruptcy. The plaintiff purchased the note in question from the First National Bank of Grand Rapids on May 24, 1957, the loan then being in default. The plaintiff filed a proof of claim in the bankruptcy proceeding, however no dividend or payment was received by it from the bankrupt's estate. The plaintiff then instituted the instant action.

Plaintiff contends that under the Bankruptcy Act the defendant is not discharged from liability on the note even though her husband was so discharged.[1] On the other hand, relying entirely upon one case,[2] defendant contends that since her husband was discharged in bankruptcy, plaintiff is precluded recovering from her because she and her husband own the property, upon which the improvements and loan therefor were made, as joint tenants.

The only question before the Court in the instant case is whether the defendant is liable on said note. She signed the note as a co-maker with her husband and it is upon this note that the plaintiff now seeks recovery. No real property rights are involved.

Since this is not a quasi-in-rem proceeding as was the Fetter case,[2] upon which the defendant so strongly relies, this Court does not have to consider the question of what are the legal implications of a joint tenancy under Minnesota law, as distinguished from the legal implications of a tenancy by the entireties under Michigan law. The court in the Fetter case based its opinion upon the fact that the Fetters were tenants by the entireties of the property which was the subject of that quasi-in-rem proceeding.

The plaintiff must therefore prevail because under Section 16 of the Bankruptcy Act, 11 U.S.C.A. § 34, the liability of a co-debtor with a bankrupt is not altered by the discharge of the bankrupt. The discharge in bankruptcy is personal to the party discharged "and does not inure to the benefit of the co-debtor."[3]

It Is So Ordered.

Plaintiff may submit findings of fact, conclusions of law and form of judgment consistent with the above.

An exception is allowed to the party aggrieved.

---

1. 11 U.S.C.A. § 34.

2. Fetter et al. v. United States, 6 Cir., 269 F.2d 467.

3. Helms et al. v. Holmes, 4 Cir., 129 F.2d 263, 141 A.L.R. 1367.