TREASURER AND RECEIVER GENERAL *vs.* MASSACHUSETTS
BONDING AND INSURANCE COMPANY.

Suffolk.   May 6, 1965. — June 4, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Collection Agency. Bond,* Collection agency bond. *Taxation,* Collection
of taxes. *Municipal Corporations,* Officers and agents.

A collection agency bond given by the proprietor of a collection agency
pursuant to G. L. c. 93, §§ 24–28, did not cover performance by him
of his duty as a deputy collector of taxes of a municipality to account
for taxes collected by him.

CONTRACT.   Writ in the Superior Court dated August 16,
1961.

The action was heard by *Thompson,* J.

*Robert J. Sherer* for the defendant.

*William J. Carr,* Town Counsel of the town of Randolph,
for the plaintiff.

SPALDING, J.   Gerald Carpenter was engaged in oper-
ating a collection agency in Randolph under the name and
style of "Randolph Bureau of Recovery."   On August 2,
1957, Carpenter as principal and Massachusetts Bonding
and Insurance Company (Bonding) as surety executed and
delivered to the State Treasurer the bond required by G. L.
c. 93, §§ 24–28.   The bond was in the amount of $5,000.
The condition of it was that Carpenter "shall upon written
demand, render a true and complete account to the person,
partnership, association or corporation from whom any ac-
count, bill or indebtedness is taken for collection, and shall
. . . pay and turn over . . . the proceeds of such collec-
tion in accordance with the terms of the agreement upon
which such account, bill or other indebtedness was received
for collection, and shall faithfully comply with all the re-
quirements of . . . [G. L. c. 93, §§ 24–28]."

On April 24, 1958, Carpenter was appointed a deputy col-

lector of taxes for the town of Randolph, an office he held until May 8, 1959. Bonding became surety on Carpenter's deputy collector's bond in force between April 24 and December 31, 1958. Peerless Insurance Company (Peerless) was surety on a new deputy collector's bond given by Carpenter on January 1, 1959. Each bond was on the statutory condition required by G. L. c. 60, § 92, and each was in the penal sum of $1,000.

During the period that Carpenter was a deputy he collected taxes amounting to $4,242.12 from various persons which he failed, after demand, to pay over to the town. Upon discovering this loss, the town made a claim against the sureties (Bonding and Peerless) on the deputy collector's bonds and each paid to the town $1,000, the limit of its liability. The foregoing facts were submitted as a case stated.

This action of contract was brought by the town in the name of the Treasurer and Receiver General to recover on the bond which Carpenter as principal and Bonding as surety had given in connection with Carpenter's collection agency. The sum sought to be recovered was $2,242.12, the deficit remaining after crediting the $2,000 received by the town on the deputy collector's bonds.

The judge ordered judgment for the plaintiff in the amount of $2,242.12 with interest. Bonding appealed. G. L. c. 231, § 96.

We are of opinion that a collection agency bond under §§ 24–28 of c. 93 does not cover the performance of a tax collector's duty to account for collected funds. We reach this result after an examination of the statutory pattern of c. 60, which deals with the collection of local taxes, and c. 93, which deals with the regulation of trade. "A bond given pursuant to a statute should naturally be construed to provide the coverage which the legislature has required as a condition of the right or relief which the statute gives." *United States* v. *Hartford Acc. & Indem. Co.* 117 F. 2d 503, 505 (2d Cir.). See Appleman, Insurance Law and Practice, § 5277, and cases cited.

General Laws c. 93, § 24 (as amended through St. 1949, c. 711, § 1),[1] reads in relevant part: "No person, partner-.ship, association or corporation . . . shall conduct a collection agency . . . or engage in the commonwealth solely in the business of collecting or receiving payment for others of any account, bill or other indebtedness . . . without first obtaining from the commissioner of banks a license to carry on said business in the place where the business is to be transacted, nor unless such person, partnership, association or corporation . . . has on file with the state treasurer a .good and sufficient bond." The fact that one who gives .such a bond must also be licensed indicates that this section does not apply to public officers who are tax collectors. That Carpenter collected taxes as well as private debts is purely a coincidence and did not enlarge the risk which Bonding assumed on the agency bond.

A reading of G. L. c. 60, § 92, where express provision is made for the bonding of public officials charged with the duty of collecting taxes, confirms our conclusion. The subject matter of c. 93 is quite different from that of c. 60 and each provides for bonds which cover separate and distinct risks. The failure of Carpenter to account for all the tax funds he collected did not meet the condition of the collec-.tion agency bond. Bonding, therefore, was not liable on .it. Sureties "cannot be holden beyond the fair scope of their engagement, as intended by the parties when undertaken." *President of Dedham Bank* v. *Chickering,* 4 Pick. 314, 340 (acting as a broker for directors not within condition of bond dealing with duties of a cashier). *Coyle* v. *United States Fid. & Guar. Co.* 217 Mass. 268 (misappropriation of funds from employee's own business which were assigned to employer not within condition of fidelity bond dealing with employee's duties as agent or collector for employer).

*Order for judgment reversed.*
*Judgment for defendant.*

---

[1] The statute was amended by St. 1962, c. 670, § 1.