**In re Vincent PALAZZOLO, Debtor.**

**INTERIORS BY DeBOARD, Plaintiff,**

**v.**

**Vincent PALAZZOLO, Defendant.**

**Bankruptcy No. 80–04815–W.
Adv. No. 80–1782.**

United States Bankruptcy Court,
E. D. Michigan, S. D.

March 4, 1982.

Arnold Schafer, Detroit, Mich., for Interiors by DeBoard.

Law Firm of Weiner, Hauser, Wartell & Roth, Southfield, Mich., for Vincent Palazzolo.

## MEMORANDUM OPINION AND ORDER

GEORGE E. WOODS, Bankruptcy Judge.

This matter was before the Court upon a motion for summary judgment filed by Interiors by DeBoard, plaintiff herein.

Vincent Palazzolo, debtor herein, filed his petition on August 27, 1980. The schedules basically reflect a "no asset" case. The plaintiff is the holder of a consent judgment entered in its favor and against the debtor and his wife jointly and severally. Said judgment is in the amount of $2,194.50. The debtor's only substantial asset is a $150,000.00 home in Grosse Pointe which he owns jointly with his wife.

The plaintiff's complaint, filed October 21, 1980, asks this Court to lift the automatic stay and withhold the debtor's discharge. The debtor was granted a discharge on October 30, 1980. The discharge provided:

"It appearing that the person named above has filed a petition commencing a case under title 11, United States Code on 8–27–80, that an order for relief was entered under chapter 7 and that no complaint objecting to the discharge of the debtor was filed within the time fixed by the court [or that a complaint objecting to discharge of the debtor was filed and, after due notice and hearing, was not sustained], it is ordered that

1. The above-named debtor is released from all dischargeable debts.

2. Any judgment heretofore or hereafter obtained in any court other than this court is null and void as a determination of the personal liability of the debtor with respect to any of the following:

(a) debts dischargeable under 11 U.S.C. § 523;

(b) unless heretofore or hereafter determined by order of this court to be nondischargeable, debts alleged to be excepted from discharge under clauses (2), (4) and (6) of 11 U.S.C. § 523(a);

(c) debts determined by this court to be discharged under 11 U.S.C. § 523(d).

3. All creditors whose debts are discharged by this order and all creditors whose judgments are declared null and void by paragraph 2 above are enjoined from instituting or continuing any action or employing any process to collect such debts as personal liabilities of the above-named debtor."

The first issue is whether the debtor's discharge was properly granted in the first instance and, if not, whether the discharge should be revoked.

A discharge will be granted unless one of the conditions specified in § 727(a) has been proven. In the instant case, no conditions have been alleged nor proven and, therefore, the discharge was properly granted. The provisions of § 727(a) are strictly construed so as to provide a fresh start for the debtor.

The effect of a discharge granted under § 727 is set forth in § 524(a)(1):

"(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived; . . ."

The consent judgment involved herein clearly falls within § 524(a)(1). The judgment was obtained prior to the filing of the petition and was a determination of the personal liability of the debtor. The discharge was, therefore, properly granted. Whether a discharge will be revoked is governed by § 727(d) which provides:

"(d) On request of the trustee or a creditor, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if—

(1) such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge;

(2) the debtor acquired property that is property of the estate, or became entitled to acquire property that would be property of the estate, and knowingly and fraudulently failed to report the acquisition of, or entitlement to, such property, or to deliver or surrender such property to the trustee; or

(3) the debtor committed an act specified in subsection (a)(6) of this section."

The debtor has not been guilty of any of the conditions enumerated in § 727(d) and, therefore, his discharge, properly granted, will not be revoked.

■ The second issue is whether the plaintiff can proceed against the entirety property on the basis of the liability of the debtor's spouse. The jurisdiction of this Court is unquestioned. A federal bankruptcy court sitting in Michigan will apply federal law when interpreting a federal statute which conflicts directly with the state law. See e.g. *Fetter v. United States*, 269 F.2d

467 (6th Cir. 1959); *Harris v. Manufacturers National Bank of Detroit*, 457 F.2d 631 (6th Cir. 1972).

■ Under Michigan law, entireties property is subject to execution by joint creditors of the husband and wife. M.C.L.A. § 557.52, § 557.53. Additionally, a discharge of one spouse in bankruptcy would not affect the joint obligation of the other spouse on the joint debt. *Kolakowski v. Cyman*, 285 Mich. 585, 281 N.W. 332 (1938).

■ The federal law on this point contrasts the Michigan position. The Sixth Circuit has ruled that a discharge to a debtor relieved his spouse of all liability for a joint judgment rendered against the debtor. *Fetter, supra; Harris, supra.* The rationale involved therein was that: first, the entirety property did not flow into debtor's estate under the Act; and, secondly, to rule otherwise would hamper the fresh start which is supposed to be given the debtor in bankruptcy. These decisions have been criticized because they were decided under the Act of 1898. However, they remain valid as precedent. None of the cases cited by the plaintiff deals with the situation involving an execution on a judgment after a discharge has been granted to one of the spouses. Indeed, the plaintiff concedes that its joint judgment could not attach after the debtor's discharge is granted, although under the Code the entirety property comes into the debtor's estate. Therefore, *Harris* and *Fetter* are still applicable; and, under the holdings therein, since a discharge has been granted to the debtor, his spouse is also relieved of liability on the joint debt. Therefore, the home in Grosse Pointe cannot be levied against.

Accordingly, the plaintiff's motion for summary judgment is denied and the debtor's cross motion for summary judgment is granted.

So ordered.