BOYCE F. MARTIN, Jr., Circuit Judge.
This is a bankruptcy case in which joint creditors sought to reach property held in a tenancy by the entirety. The bankruptcy court held that the previously granted discharge precluded debtor liability in the absence of a statutory exception. We affirm.
On October 28, 1982, plaintiff-appellant Linda Munoz and her husband, who is now deceased, were awarded a judgment of approximately $230,000 in the Wayne County Circuit Court, Michigan, against the debtor, Manuel Dembs, and his wife, Mildred Dembs. The Dembses were jointly and severally liable on the judgment.
On November 16, 1982, Manuel Dembs filed a voluntary petition for bankruptcy under Chapter 7 of the Bankruptcy Code. The Munozes were listed as unsecured creditors in a schedule attached to the petition. In the schedule of exempt property, also attached to the petition, Dembs claimed his interest in certain real property held in a tenancy by the entirety. No objection to this claimed exemption was filed. On February 28, 1983, the bankruptcy court entered an order of discharge.
On May 31, 1983, plaintiff initiated this action in bankruptcy court. She sought to satisfy her state court judgment out of the Dembses’ entireties property, except to the extent of proper senior security interests and the Dembses’ $3,500 homestead exemption in Mich. Cctast. art. 10, § 3. She urged the court to adopt the procedure set out in In re Trickett, 14 B.R. 85, 90-91 (Bankr.W. D.Mich.1981), in administering the entire-ties property.
The bankruptcy court on September 9, 1983, dismissed the action on the ground that the debt was already discharged and *779 plaintiff failed to obtain any exception from discharge. The district court affirmed on March 30, 1984.
The state court action meanwhile continued on appeal. The certified record does not disclose why the automatic stay provision of 11 U.S.C. § 362 and the discharge provision of 11 U.S.C. § 524 did not prevent these proceedings. On October 17, 1984, the Michigan Court of Appeals reversed the trial court’s judgment. The plaintiffs filed an application for leave to appeal to the Michigan Supreme Court on November 6, 1984. No. 75334. Plaintiff moved to postpone oral argument in the present case until the Michigan Supreme Court grants or denies the application for leave to appeal. The Michigan Supreme Court typically takes about seven months before taking action on applications for leave to appeal. To avoid delay, this court in its equitable discretion denied the motion for postponement.
It appears that, if the plaintiff’s complaint is taken as a timely objection to the claim of exemption, the objection may well be valid. See In re Grosslight, 757 F.2d 773 (6th Cir.1985). The threshold question, therefore, is whether the complaint was timely. The district court held that the action was not untimely by reason of former Bankrtupcy Rule 403, but was untimely under new Bankruptcy Rule 4003, and was further untimely because a discharge already was in effect.
This case was filed after the effective date of the Bankruptcy Act of 1978, Pub.L. No. 95-598, 92 Stat. 2549 (codified as amended in 11 U.S.C. and scattered sections of 28 U.S.C.). Under the new Bankruptcy Code, the debtor has the right to have certain property exempted from the bankruptcy estate. The statutory procedure is set out in 11 U.S.C. § 522(l):
(l) The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.
The statute itself does not contain a time limit, but the Bankruptcy Act of 1978 provided that the old Bankruptcy Rules applied to the extent not inconsistent with the new act, until superseded by new rules. Pub.L. No. 95-598, § 405(d), 92 Stat. 2549, 2685. Old Bankruptcy Rule 403 provided in relevant part:
Rule 403. Exemptions
(a) Claim of Exemptions
A bankrupt shall claim his exemptions in the schedule of his property required to be filed by Rule 108.
(b) Trustee’s Report
The trustee shall examine the bankrupt’s claim for exemptions, set apart such as are lawfully claimed and allowable, and report to the court the items set apart, the amount or estimated value of each, and the exemptions claimed that are not allowable. The report shall be filed with the court not later than 15 days after the trustee qualifies. If the trustee reports that any exemption claimed is not allowable, he shall forthwith mail or deliver copies of the report to the bankrupt and his attorney.
(c) Objections to Report
Any creditor or the bankrupt may file objections to the report within 15 days after its filing, unless further time is granted by the court within such 15-day period. Copies of the objections so filed shall be delivered or mailed to the trustee and, if the objections are by a creditor, to the bankrupt and his attorney. After hearing upon notice the court shall determine the issues presented by the objections. The burden of proof shall be on the objector.
The current statute, section 522(Z), does not require the trustee to file a report on the debtor’s claim for exemptions. The question is whether the fifteen-day time limit for filing objections survived. We think that it did not. The old time limit was from the time of the report, not from the time the exemptions were claimed. *780 The report was the notice to debtors that their fifteen days had begun to run. Without the report, and in the absence of an explicit rule, debtors had no notice of any time limit.
We are aware that the Tenth Circuit apparently took a different view in Redmond v. Tuttle, 698 F.2d 414, 416-17 (10th Cir.1983). We believe, however, that the Redmond court may not have given full consideration to the equitable concerns just discussed. The objection in Redmond was made within fifteen days, so their discussion of the issue was in the nature of dictum. Certainly the overwhelming majority of lower courts that have considered the issue have held that the time limit in Rule 403(c) has no validity under the Bankruptcy Code. E.g., In re Penland, 34 B.R. 536, 541 (Bankr.E.D.Tenn.1983); In re Bartley, 33 B.R. 768, 770 (Bankr.E.D.N.Y. 1983); In re Waters, 22 B.R. 387 (Bankr.N. D.Tex.1982); In re Langley, 21 B.R. 772, 773 (Bankr.D.Me.1982); In re Darke, 18 B.R. 510, 512 (Bankr.E.D.Mich.1982).
Most bankruptcy courts filled such gaps in bankruptcy procedure, in the period between the passage of the Bankruptcy Code and the effective date of the new Bankruptcy Rules, by promulgating local rules under the authority of old Bankruptcy Rule 927, or else by making orders in particular cases. The bankruptcy court below did neither. The district court, confronted by this void and seeking a timeliness standard on review, imposed that in new Bankruptcy Rule 4003, which reads in relevant part:
Rule 4003. Exemptions
(a) Claim of exemptions
A debtor shall list the property claimed as exempt under § 522 of the Code on the schedule of assets required to be filed by Rule 1007. If the debtor fails to claim exemptions or file the schedule within the time specified in Rule 1007, a dependent of the debtor may file the list within 30 days thereafter.
(h) Objections to claim of exemptions
The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court. Copies of the objections shall be delivered or mailed to the trustee and to the person filing the list and his attorney.
(c) Burden of proof
In any hearing under this rule, the objecting party has the burden of proving that the exemptions are not property claimed. After hearing on notice, the court shall determine the issues presented by the objections.
The clear import of the new rule and of section 522(() is that objections to claimed exemptions must be made within thirty days after the creditors’ meeting or any amendment, or they are waived. See In re Grosslight, 757 F.2d 773 (6th Cir.1985). We do not mean by this to endorse “exemption by declaration”; there must be a good-faith statutory basis for exemption, and in that respect we fully approve In re Bennett, 36 B.R. 893, 895 (Bankr.W.D.Ky.1984). But where the validity of an exemption is uncertain under existing law, or where, as in Grosslight, it is the special character of the creditor that prevents the exemption, the creditor cannot rest on his rights in the face of Rule 4003(b).
The question here, however, is whether Rule 4003 had taken effect on May 31,1983, the date plaintiff first sought to reach the entireties property in this case. The Supreme Court transmitted these rules to Congress on April 25, 1983. They took effect on August 1, 1983, and are applicable to proceedings pending on that date, except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice. This case was still pending on August 1, 1983, but we do not think the rules can be applied retroactively to actions already taken by the parties, for they were without notice that a restrictive rule might be applied.
*781 There was thus no time limit imposed by rule on the creditor’s objection to the claimed exemption. But the creditor’s action was fully three months after a discharge was granted the debtor, and it was on this ground that the bankruptcy court refused to allow the objection.
A discharge in a Chapter 7 case “discharges the debtor from all debts that arose before the date of the order for relief under this chapter.” 11 U.S.C. § 727(b). Grounds for revocation of discharge are set out in section 727(d), and exceptions to discharge are set out in section 523. This statutory framework provides absolute limits on challenges to discharges of the debt- or’s personal liability.
It follows that there can be no post-discharge efforts to reach exempted property. That was the essence of this court’s holdings in two pre-Code cases on similar facts. Harris v. Manufacturers National Bank, 457 F.2d 631 (6th Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972); Fetter v. United States, 269 F.2d 467 (6th Cir.1959). The passage of the Bankruptcy Code continued this rule. E.g., In re Palazzolo, 20 B.R. 692 (Bankr.E.D. Mich.1982). Contra In re Snow, 38 B.R. 19 (Bankr.M.D.Fla.1983).
We realize that the effect of our holding is that in the period from October 1, 1979, the effective date of the Bankruptcy Act of 1978, to August 1, 1983, the effective date of the new Bankruptcy Rules, the only time limit for objections to claimed exemptions in the absence of local rule or order was the date of the debtor’s discharge. This holding should not be a problematic one. Most bankruptcy courts did in fact adopt local rules or make appropriate orders in particular cases.
The case is affirmed.