397 Mass. 325 (1986)
491 N.E.2d 253
PEERLESS INSURANCE COMPANY
vs.
SOUTH BOSTON STORAGE AND WAREHOUSE, INC. & others[1] (and three companion cases).
Supreme Judicial Court of Massachusetts, Suffolk.
March 4, 1986.
April 16, 1986.
Present: HENNESSEY, C.J., WILKINS, NOLAN, LYNCH, & O'CONNOR, JJ.
Jeffrey M. Graeber for the plaintiff.
Lauren P. Curry for Virginia A. Kelly.
Madeline Mirabito Becker, Assistant Attorney General, for the Commissioner of Public Safety & another.
James J. Moran, Jr., for Surety Association of Massachusetts & another, amici curiae, submitted a brief.
NOLAN, J.
In this case of first impression in Massachusetts, we are asked to decide whether a surety on a public warehousemen's licensing bond is liable for all claims filed against it on a "per occurrence" basis or for the maximum of the penal sum *326 of the bond. We hold that the surety's total liability is limited to the penal sum of the bond.
The plaintiff, Peerless Insurance Company (bonding company), is the surety on a bond in the penal sum of $10,000 (increased from $5,000) in which the principals on the bond are the defendants, South Boston Storage and Warehouse, Inc. (South Boston), and Louis Cantor, and the obligee is the Treasurer and Receiver General.
The bonding company commenced the action by filing a complaint for interpleader and for declaratory relief. The defendants responded by answers, counterclaims, cross complaints, and cross claims. The bonding company propounded interrogatories which were answered and also filed a motion for partial summary judgment which was denied by an interlocutory order reported to the Appeals Court, raising the question of the extent of the plaintiff's liability. We took the case on direct appellate review. See G.L.c. 211A, § 10 (A) (1984 ed.).
Three claimants who allege that they have suffered damage to or loss of their property warehoused by South Boston have been named defendants and assert claims which total $226,252.70. More claims are expected.
The bond which the bonding company issued had no expiration date or annual term. The original bond was continued in force from year to year. New bonds were not issued annually, but South Boston paid an annual premium and continuation certificates were issued. The bond is a requirement of G.L.c. 105, § 1 (1984 ed.), which simply provides that the defendant Commissioner of Public Safety (Commissioner) may license suitable persons or corporations to be public warehousemen, and shall approve sureties on a bond which is given to the defendant State Treasurer. Beyond these sterile provisions, G.L.c. 105, § 1, furnishes no help in deciding the issue of the extent of the surety's liability. The bond's boiler plate language identifies the parties and recites that South Boston and the bonding company "are holden and stand firmly bound and obligated" to the Commonwealth in the penal sum of $10,000. The Commissioner has promulgated no regulations *327 which construe § 1, and, in response to an interrogatory, says that he "is aware of none." In that same interrogatory answer, the Commissioner expressed the view that warehousemen bonds were written on a "per occurrence" basis. We disagree.
We are asked by the Commissioner and the claimants to hold that the language of the bond and the provisions of the statute require a "per occurrence" interpretation. In effect, this interpretation would require the surety to cover during the year all risks which arose out of every occurrence to the extent of the penal sum of the bond.
A surety's bond is a contract. It sets the limits of the surety's liability. The fact that this bond is required by statute does nothing to alter the settled principles of contract and suretyship law. That this is a statutory bond does not "enlarge the risk" which the bonding company has undertaken. Treasurer & Receiver Gen. v. Massachusetts Bonding & Ins. Co., 349 Mass. 256, 258 (1965). A surety "cannot be holden beyond the fair scope of [its] engagement, as intended by the parties when undertaken." President of Dedham Bank v. Chickering, 4 Pick. 314, 340 (1827).
The general rule is that the penal amount limits the recovery to that amount. See Hartford Accident & Indem. Co. v. Casassa, 301 Mass. 246, 255-256 (1938). See also G.L.c. 235, §§ 9, 10, 12 (1984 ed.) (judgments in actions brought for breach of a condition of a bond are in penal sum of bond). If we adopted the "per occurrence" argument, the surety's liability in one year could (and in this case, would) far exceed the penal sum. The surety's exposure would be open-ended.
Almost all jurisdictions which have considered the problem have rejected the "per occurrence" rule except the State of Washington. See, e.g., Rolen v. Rauhuff, 315 F. Supp. 935, 937-938 (E.D. Tenn. 1970); Travelers Indem. Co. v. Askew, 280 So.2d 469, 471 (Fla. Dist. Ct. App. 1973); New Amsterdam Casualty Co. v. Hyde, 148 Or. 229, 241 (1934). The Washington Rule, as apparently first enunciated in Salo v. Pacific Coast Casualty Co., 95 Wash. 109 (1917) (five-to-four decision), and followed in Paulsell v. Peters, 9 Wash.2d 599 (1914), was founded on unique language in the governing *328 statute. No other jurisdiction has followed this rule which appears to be totally antithetical to contract and suretyship law. See, however, United States v. Fidelity & Deposit Co. of Md., 153 F. Supp. 848 (D. Vt. 1957), aff'd as modified, 254 F.2d 836 (2d Cir.1958).
In sum, neither the statute (G.L.c. 105, § 1), nor the bond, nor settled principles of suretyship law support the "per occurrence" interpretation. While the statute requiring the licensing and bond of public warehousemen was undoubtedly enacted for the protection of those persons who store goods in such warehouses and hence should be liberally construed, that liberality of construction should not place burdens on an obligor that it did not assume in its contract.
The denial of the motion for partial summary judgment is reversed and the case is remanded for proceedings consistent with this opinion.
So ordered.
NOTES
[1] Commissioner of Public Safety, Treasurer and Receiver General, Wolfgang Bayha, Robert Barrows, Yaffa Barelkovsky, Lucretia Peteros, and Louis Cantor.