**In re UTZ et ux.**
**Nos. 7727, 7728.**

District Court, D. Maryland.
June 30, 1934.

Brown & Shipley, of Westminster, Md., for petitioner Wentz.

Ivan L. Hoff, of Westminster, Md., for bankrupts.

WILLIAM C. COLEMAN, District Judge.

The primary question presented to the court for determination is this: Does property held by a man and his wife as tenants by the entireties pass to their trustee in bankruptcy when both man and wife have been adjudicated bankrupts in voluntary proceedings, which proceedings were consolidated after adjudication, so as to defeat the lien of a judgment obtained within four months preceding such adjudications and consolidation, by a creditor against both bankrupts?

The pertinent facts are as follows: On February 10, 1934, the petitioning creditor recovered judgment against both bankrupts, man and wife, for $789.63, plus interest, costs, and counsel fee. On February 19th of the same year, the husband, Levi S. Utz, a farmer, was adjudicated a bankrupt on his voluntary petition and he listed all of his property, real and personal, all of which was located in the Maryland District, as held by himself and his wife as tenants by the entireties. On the same day, his wife was similarly adjudicated and she listed the same property as held by her, with her husband, under the same tenancies. On March 7, 1934, the judgment creditor, the present petitioner, sought execution, by virtue of his judgment, against all of the property of both bankrupts. Two days later, that is, on March 9, 1934, the bankruptcy proceedings of both the husband and the wife were consolidated by order of this court. After due hearing, the referee found that since the judgment was secured within four months of the filing of the petitions in bankruptcy, it could not prevail over the claim of the trustee, and the referee, therefore, dismissed the petition of the judgment creditor, although the referee held that on the question of the tenancy by the entireties, the bankruptcy court had no jurisdiction over property so held. From this ruling of the referee the judgment creditor has excepted and the matter is now before the court for review.

In Phillips v. Krakower, 46 F.(2d) 764, the Circuit Court of Appeals for the Fourth Circuit held that the interest of a bankrupt husband in an estate by entireties does not pass to his trustee in bankruptcy, since the husband and the wife are each seized of the undivided whole of the estate. Similarly, an estate by the entireties is not subject to execution on a judgment against either the husband or the wife, although such estate is subject to execution on a joint judgment against both husband and wife. Phillips v. Krakower, supra; Frey v. McGaw, 127 Md. 23, 95 A. 960, L. R. A. 1916D, 113, and Ades v. Caplin, 132 Md. 66, 103 A. 94, L. R. A. 1918D, 276. There is nothing in these decisions which implies that the rule should be extended to bankruptcy proceedings of husband and wife which have been consolidated, as have the proceedings now before the court. On the contrary, since a trustee in bankruptcy is clothed with the powers of a judgment creditor, Bankr. Act § 47a (2), 11 USCA § 75 (a) (2), a trustee in consoli-

dated bankruptcy proceedings should be clothed with the powers of a joint judgment creditor of both the husband and the wife. See 43 Harvard Law Review, 312.

It follows from the aforegoing that the property of the husband and wife in the present consolidated proceeding, held by them as tenants by the entireties, does pass to the trustee in bankruptcy and that, therefore, the judgment obtained by the petitioning creditor within four months of the adjudications in bankruptcy and the consolidation of the proceedings is void as against the trustee.

It also follows from the aforegoing that it is unnecessary to determine the correctness of the referee's finding as to the ownership of the farm equipments, that is, whether they belonged to Mr. Utz individually or under a tenancy by entireties with his wife, because in either event, this property passes to the trustee in bankruptcy, and the judgment creditor, for the reasons above stated, is not to be preferred.

The relief sought by the judgment creditor in his petition for review of the findings of the referee is, therefore, denied, and the referee's order is affirmed, but upon reasoning different from that which he has followed.