**Clarence Paul ROBERTS, and wife Becky M. Roberts, Appellants,**

v.

**HENRY V. DICK & CO., Inc., objecting creditor, Appellee.**

**In the Matter of Clarence Paul ROBERTS, and wife Becky M. Roberts, Bankrupts.**

**No. 8012.**

United States Court of Appeals

Fourth Circuit.

Argued Jan. 15, 1960.

Decided March 8, 1960.

Dan E. Perry and John T. Manning, Chapel Hill, N. C., for appellants.

W. Harold Edwards, Chapel Hill, N. C., for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

Separate petitions in bankruptcy were filed on November 6, 1957, by Clarence Paul Roberts and his wife, Becky Mangum Roberts, each listing the same general creditors in identical amounts aggregating $114,663.62, except that the husband listed an additional obligation of $11,500 to the United States for federal withholding and Social Security taxes. The petitioners were adjudicated bankrupts and the cases were combined for administration, the same trustee being appointed for both estates.

Henry V. Dick & Co., Inc., one of the creditors, filed objection to the bankrupts' petitions for discharge, on the ground that the petitioners had transferred property within the previous twelve months with intent to hinder, delay and defraud creditors. The property in question was several parcels of land in North Carolina, subject to mortgages, and title was held by petitioners as tenants by the entirety. After a hearing the referee denied the discharge, and his decision was affirmed by the District Court.

The single legal issue presented by this appeal is whether, since the husband and wife filed *separate* petitions in bankruptcy, the property owned by them by the entireties passes to the trustee. Petitioners contend that under North Carolina law an estate by the entirety is not an asset of either husband or wife *individually,* and that, therefore, the creditors of neither individual could subject such property to their claims. They rely primarily on Dickey v. Thompson, 1929, 323 Mo. 107, 18 S.W.2d 388 in which it was held that where husband and wife bring separate proceedings which are later consolidated, the trustee is not entitled to property held by the bankrupts as tenants by the entirety.

This decision, though followed by the Missouri court in Shipman v. Fitzpatrick, 1942, 350 Mo. 118, 164 S.W.2d 912, is criticized in a case note at 43 Harv.L.Rev. 312 (1929). Moreover, the Remington treatise suggests the decision is extreme, 3 Remington on Bankruptcy, section 1223.01 (1957) and it is observed in 4 Collier on Bankruptcy, section 70.17, Note 40 (14th Ed.) that:

"The Dickey case is remarkable in that the spouses were adjudicated on the same day and the court acknowledged that under Missouri law a creditor with a separate judgment against a husband and wife on an obligation owing by both may enforce it against property held by the spouses as tenants by the entirety."

Appellee, on the other hand, cites three Federal District Court decisions holding that property held by the entireties will pass to the bankruptcy trustee to satisfy the joint debts of the husband and wife, even though they have petitioned separately for adjudication as bankrupts. In re Carpenter, D.C.M.D.Pa.1933, 5 F. Supp. 101; In re Utz, D.C.Md.1934, 7 F.Supp. 612; In re Pennell, D.C.W.D. 1935, 15 F.Supp. 743.[1]

1. Collier on Bankruptcy seems to be in accord. § 70.17 (14th Ed.).

Our view of the law is the same as that taken by the District Courts cited, and by the District Court in the present case. It would be unreasonable to attach the significance contended for by the appellants to the fact that the husband and wife filed separate petitions, since the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., does not provide ordinarily for joint petitions or discharges of husband and wife.[2] The effect of our upholding appellants' contention would be to put beyond the reach of creditors holding joint obligations of a husband and wife all property held by them as tenants by the entirety.

■ Roberts and his wife point out, however, that there is nothing in the record to show that the debts which each owes in identical amounts to the same set of creditors are in fact joint and not several obligations, and they contend that if for any reason the debts are not joint, this property cannot be reached by the creditors. In such case, it is argued, the transfer could not have been in fraud of creditors' rights.

The precise nature and status of these obligations have not been developed in the record, and at the oral argument counsel were unable to offer enlightenment on this point. As final answer to the question presented on this appeal depends on facts and findings not now before us, we should not adjudicate upon a speculative basis.

The order will be vacated and the case remanded for further inquiry by the District Court. If it is found that the debts in question are joint, or both joint and several, obligations of the husband and wife, the order should be reinstated; if it is found otherwise, then it would follow that the property in controversy was not subject to the creditors' claims, and its transfer constituted no basis for denial of the discharge.

Order vacated and case remanded for further proceedings.

47 CCPA

---

2. For the situation in community property states, see In re Ray, 1 Nat.Bankr.News, 276 (D.C.Wash., 1899).