HARRISON L. WINTER, Chief Judge:
The main issue presented by this appeal is whether entireties property may be exempted under § 522(b)(2)(B) of the Bankruptcy Code[1] when an individual debtor schedules debts owed jointly with his or. her spouse. We hold that in Maryland such property is not exempt to the extent of joint claims.
I.
The debtor, Michael Eugene Sumy, filed a voluntary individual petition under Chapter 7 of the Bankruptcy Code on March 14, 1984. His amended schedules listed $19,-570.50 in unsecured claims, which included $1,474.78 in debts incurred jointly with his nonfiling wife. He listed the value of his residence, which he owned jointly with his wife, at $73,500. He claimed the approximate $20,000 equity over the amount owing to the holder of a first deed of trust as exempt entireties property under 11 U.S.C. § 522(b)(2)(B).
The trustee objected to the claimed exemption, and after hearing and argument the bankruptcy court sustained the trustee’s objection, relying on another Maryland bankruptcy opinion. See In re Seidel, 38 B.R. 264 (Bankr.D.Md.1984). On appeal, the district court reversed the decision of the bankruptcy court and remanded the matter for further proceedings consistent with its opinion. Sumy v. Schlossberg, 46 B.R. 217 (D.Md.1985). After his motion for reconsideration was denied, the trustee appeals, arguing that the debtor's entireties property is not exemptible, and that the bankruptcy court should administer the property for the benefit of the joint creditors.
II.
The parties have not raised any question about our jurisdiction to hear this appeal, but we believe the issue merits brief sua sponte treatment. Subsection (a) of 28 U.S.C. § 158 (as amended by the Bankrupt *923 cy Amendments and Federal Judgeship Act of 1984, Pub.L. No. 98-353, 98 Stat. 333), grants the district courts “jurisdiction to hear appeals from final judgments, orders and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges.” Subsection (d) grants the courts of appeals “jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsection (a)” of § 158.
It is commonly acknowledged that “finality” under § 158 or its predecessors must be interpreted in light of the special circumstances of bankruptcy cases, and that the decisions interpreting the similar language in 28 U.S.C. § 1291 are often helpful but cannot be imported wholesale to bankruptcy jurisprudence. E.g., Four Seas Center, Ltd. v. Davres, Inc., 754 F.2d 1416, 1418 (9 Cir.1985); Sambo’s Restaurants, Inc. v. Wheeler, 754 F.2d 811, 813 (9 Cir.1985). Most adversary proceedings and contested matters in bankruptcy will satisfy the different test of being “discrete disputes within the larger case,” In re Saco Local Development Corp., 711 F.2d 441, 444 (1 Cir.1983), or a “proceeding arising in or related to a case under title 11.” Levin, Bankruptcy Appeals, 58 N.C.L.Rev. 967, 987 (1980).
The instant controversy began with the debtor’s claimed exemption of his entireties property, and the trustee’s objection to that exemption led to adversary proceedings. The bankruptcy court’s order in this case denied a claimed exemption, and the district court’s orders effectively granted that exemption. We have previously reviewed a grant of an entireties exemption and denial of that exemption without commenting on the appealability of the order,[2] so we now state explicitly what has been implicit: Grant or denial of a claimed exemption is a final appealable order from a bankruptcy proceeding. See White v. White, 727 F.2d 884, 885-86 (9 Cir.1984).
III.
A.
Several Code sections figure prominently in resolving the issues at bar. First, § 541 defines what property of the debtor becomes property of the bankruptcy estate. It states in part that “[s]uch estate is comprised of all of the following property, wherever located: ... all legal or equitable interests of the debtor in property as of the commencement of the case.” Section 522(b) then provides that “[njotwithstanding section 541 of this title, an individual debtor may exempt from property of the estate” certain items specified under state or federal law. If a debtor’s state has opted out of the federal bankruptcy exemptions,[3] or if the debtor chooses to exercise his state exemptions, then the debtor may exclude from property of the estate those items exempted by state or local law and by federal nonbankruptcy law. § 522(b)(2)(A). In addition, a debtor pursuing the state option, as Mr. Sumy did, may exempt from property of the estate:
any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.
11 U.S.C. § 522(b)(2)(B).
For property that becomes part of the estate under § 541 and that is not exempted under § 522(b), the trustee has the gen *924 eral power, “after notice and a hearing, [to] use, sell, or lease, other than in the ordinary course of business, property of the estate.” § 363(b)(1). Section 363(f) grants the trustee the power to sell most types of estate property “free and clear of any interest in such property of an entity other than the estate” if the entity consents or under certain other conditions.[4] Section 363(h) then excepts tenancies in common, joint tenancies, and tenancies by the entirety from subsection (f)’s general provisions, providing that the trustee may sell the co-owner’s interest along with the estate’s interest only in more limited circumstances.[5] If property is to be sold under § 363(h), the nonbankrupt spouse has a right of first refusal, § 363(i), and if the spouse does not exercise that option, the trustee must of course distribute the proeeeds of sale in proportion to the respective interests of the estate and the spouse. § 363®.
B.
The debtor in this case admits that his entireties property became part of the estate under § 541, but he seeks to exempt it under § 522(b)(2)(B). The trustee objects to the claimed exemption and seeks to administer the property under § 363(h) for the benefit of the joint creditors. Because § 522(b)(2)(B) only excludes entireties property that is exempt from process under “applicable nonbankruptcy law,” we must examine Maryland law to determine the extent of any available exemption. We then interpret the Code in light of that law.
In Maryland, as in the typical entireties state,[6] creditors of only one spouse may not *925 reach the entireties property for satisfaction of their claims. State v. Friedman, 283 Md. 701, 705-06, 393 A.2d 1356, 1359 (1978); Ades v. Caplan, 132 Md. 66, 69,103 A. 94, 95 (1918); Jordan v. Reynolds, 105 Md. 288, 294, 66 A. 37, 38 (1907). The opposite is true for creditors to whom both spouses are obligated: “[A] judgment obtained against both husband and wife arising out of a joint obligation may be satisfied by execution upon property held by the entireties.” Friedman, 283 Md. at 706, 393 A.2d at 1359; Frey v. McGaw, 127 Md. 23, 95 A. 960 (1915).[7]
One consequence of such entireties law under the Bankruptcy Act of 1898 was that if both spouses filed for bankruptcy, “courts would consolidate the cases and consider the tenants by entirety property as an asset of their joint estates and permit liquidation of that property for the benefit of their joint creditors.” In re Martin, 20 B. R. 374, 376 (Bankr.E.D.Va.1982). See Reid v. Richardson, 304 F.2d 351 (4 Cir.1962) (Virginia law); Roberts v. Henry V. Dick & Co., 275 F.2d 943 (4 Cir.1960) (North Carolina law); In re Utz, 7 F.Supp. 612 (D.Md.1934) (Maryland law); Craig, An Analysis of Estates by the Entirety in Bankruptcy, 48 Am.Bankr.LJ. 255, 283 (1974) (“if the spouses’ proceedings are consolidated, the rule is uniform that the trustee will take the entirety property”). This practice is authorized and continues under the Code. E.g., Ragsdale v. Genesco, Inc., 674 F.2d 277 (4 Cir.1982); In re Penland, 34 B.R. 536 (Bankr.E.D.Tenn.1983); In re Tyler, 27 B.R. 289, 293 (Bankr. E.D.Va.1983); In re McQueen, 21 B.R. 736 (Bankr.D.Vt.1982).
In contrast to a joint filing, if only one spouse filed for bankruptcy under the 1898 Act, entireties property was treated as exempt and thus never became part of the individual bankrupt’s estate. E.g., Lockwood v. Exchange Bank, 190 U.S. 294, 23 S.Ct. 751, 47 L.Ed. 1061 (1903); Phillips v. Krakower, 46 F.2d 764 (4 Cir.1931). Lockwood ’s holding on this point was specifically overruled by the new Code, see H.R.Rep. No. 595, 95th Cong., 1st Sess. 368 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6324; S.Rep. No. 989, 95th Cong., 2d Sess. 82, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5868, and § 541 now includes the debtor’s interest in entireties property as part of the estate. Chippenham Hospital Inc. v. Bondurant, 716 F.2d 1057, 1058 (4 Cir.1983) (dicta); Greenblatt v. Ford, 638 F.2d 14 (4 Cir.1981).
In order to protect its rights under the 1898 Act, it was necessary for a joint creditor to obtain a lifting of the automatic stay and a withholding of the discharge. The creditor could then proceed to judgment and execution against the entireties property in state court. See, e.g., Phillips, supra; Maryland Hotel Supply Co. v. Seats, 537 F.2d 1176 (4 Cir.1976); Davison v. Virginia National Bank, 493 F.2d 1220 (4 Cir.1974). If a joint creditor did not act promptly, the debtor’s discharge would eliminate his personal liability, and the creditor would no longer be able to proceed against the property for satisfaction of its claim. See generally Ackerly, supra note 5, at 704-12. We have repeatedly condemned such a result as “legal fraud,”[8] but the gaps in the Act were such that it was not unknown. See, e.g., Harris v. Manufacturers National Bank of Detroit, 457 F.2d 631 (6 Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972); Fetter v. United States, 269 F.2d 467 (6 Cir.1959); In re Shaw, 5 B.R. 107, 111 (Bankr.M.D.Tenn.1980); Ades v. Caplan, 132 Md. 66, 103 A. 94 (1918). One might *926 have questioned whether the Phillips remedy of lifting the stay in bankruptcy for joint creditors to pursue their remedies in state court survived the Code’s elimination of the necessity for that remedy,[9] but we have explicitly held that the option is still available. Chippenham Hospital, Inc. v. Bondurant, 716 F.2d 1057 (4 Cir.1983).
C.
The result in Bondurant was foreshadowed in dicta in In re Ford, 3 B.R. 559, 576 (Bankr.D.Md.1980) (in banc), aff’d on the opinion of the bankruptcy court sub nom. Greenblatt v. Ford, 638 F.2d 14 (4 Cir.1981) (per curiam), but the district court in this case felt constrained to reverse the bankruptcy court because of other language from Ford. We do not agree that Ford controls the result in this case, and we think that the teachings of our other precedents call for reversal of the district court.
Ford did contain language that is applicable to this case, but the facts there reveal that the language was dicta.[10] The statement from Ford that guided the district court’s decision was that “[sjince the debt- or’s interest in entireties property is exempt from process by both his individual and joint creditors under Maryland law, the debtor’s interest in property which he holds as a tenant by the entirety may be exempted from the estate by Mr. Ford under § 522(b)(2)(B).” 3 B.R. at 576 (emphasis added). But the stipulated facts as recited in the opinion do not reveal the actual presence of any joint creditors in that case. See id. at 562-64. Moreover, the opinion’s obvious dicta about the continuing viability of Phillips, id. at 576, and its concluding orders, id. at 578, strongly suggest that there were no joint creditors, because the court did not grant a lifting of the stay under Phillips and it did not explicitly consider the relief the trustee now seeks. Now squarely facing the issue, we decline to adopt this dicta from Ford.
We begin our analysis of this issue with Ragsdale v. Genesco, Inc., 674 F.2d 277 (4 Cir.1982). The joint debtors in Ragsdale claimed the equity in their residence owned by the entireties as exempt under § 522(b)(2)(B). We, the bankruptcy court, and the district court all rejected their claim:
The phrase “to the extent that such interest ... is exempt from process under applicable nonbankruptcy law” is of decisive importance. If the Ragsdales’ residential real property could be reached to satisfy a state court judgment in Virginia, it could not be successfully claimed as exempt under Section 522(b)(2)(B).
The residential real property is held by the Ragsdales as tenants by the entirety. The judgment of Genesco was obtained jointly and severally against both. It is fundamental that a creditor holding a judgment against two or more persons jointly and severally may execute against real property owned by those same persons jointly, or held by them as tenants by the entirety.
674 F.2d at 279.
Our next decision, Bondurant, held that an unsecured joint creditor could have the automatic stay lifted in order to reduce its *927 claim to judgment in state court and to enforce that judgment against property owned as tenants by the entireties by the debtor and his nonfiling wife. The creditor in that case specifically requested lifting of the stay, and our affirmance of that relief says nothing about what other avenues of relief may be available for joint creditors to satisfy their claims.
In this case, the trustee seeks to administer the entireties property within the context of the bankruptcy proceedings, and neither Bondurant nor any other decision of this court has specifically rejected that relief. In fact, the debtor’s only argument against the relief requested in Bondurant was “that the property, which he and his wife own as tenants by the entireties, is exempt under the provisions of ... § 522, and is, therefore, not reachable by joint creditors.” 716 F.2d at 1058. We explicitly rejected this argument, id., thereby reaffirming the guiding principle of all of our relevant cases that joint creditors are entitled, and should in some manner be allowed, to reach entireties property to satisfy their claims. In Bondurant we also quoted the key language above from Rags-dale and cited with approval the Third Circuit’s decision in Napotnik v. Equibank & Parkvale Savings Association, 679 F.2d 316 (3 Cir.1982), to the effect that entireties property is not exempt under § 522(b)(2)(B) where a joint creditor holds a judgment against both spouses. 716 F.2d at 1059 n. 2.
Our fourth recent decision in this area, Sovran Bank v. Anderson, 743 F.2d 223 (4 Cir.1984), held that the automatic stay could be lifted for a secured creditor to pursue its remedies against entireties property in state court. We found both Ford and Phillips persuasive there, but, like Bondurant, there is no inconsistency between Anderson and the result we reach here. In addition to the fact that we did not consider in Anderson the relief the trustee now requests, that case involved only secured creditors, and it is a commonplace occurrence for a bankruptcy court to lift the stay to allow secured creditors to realize on their collateral in state court.[11]
D.
Applying the above precedents from this circuit and from Maryland, we cannot accept the debtor’s argument that entire-ties property is exempt even from joint creditors’ claims. The debtor’s argument fails to comprehend fully the extent of the changes made by the several relevant sections of the new Code,[12] and he thus urges *928 us to adopt an internally inconsistent position: The entireties property would only be exempt in bankruptcy if it is immune from process under state law, but we have already held that joint creditors may have the stay lifted and proceed against the property in state court. The fact that joint creditors can reach the property in state court flatly contradicts the immediately preceding premise that the property is immune from process under state law.[13] The proper interpretation of § 522(b)(2)(B) as it applies in Maryland is that “to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law” means “to the extent that there are only individual claims,” because entireties property is not exempt from process to satisfy joint claims in Maryland. A debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims.[14]
We implicitly rejected arguments similar to the debtor’s here in Ragsdale, 674 F.2d at 278-79,[15] and, as noted above, in Bondurant we explicitly rejected a debtor’s argument that his interest in entireties property was exempt from the claims of joint creditors. Ragsdale and Bondurant arose un *929 der Virginia law, while Ford and the instant case arise under Maryland law, but the entireties law in those two states is identical in all relevant respects. Moreover, the debtor’s argument has been explicitly rejected by the only other circuits to consider the issue to date, see Liberty State Bank & Trust v. Grosslight, 757 F.2d 773 (6 Cir.1985) (applying Michigan law); Napotnik v. Equibank & Parkvale Savings Assn., 679 F.2d 316 (3 Cir.1982) (Pennsylvania law), and by the majority of bankruptcy courts in other states with similar entireties law.[16] The reported decisions allowing exemptions under § 522(b)(2)(B) either involve only individual creditors,[17] in which case Maryland law too would exempt entireties property, or they arise in the context of motions to lift the stay and/or withhold a discharge by joint creditors,[18] and thus are distinguishable.
E.
We reject the argument that Maryland entireties property is exempt in bankruptcy even from joint creditors by interpreting § 522(b)(2)(B) in light of state law. But we note that we could not accept the thesis that such property is exempt in bankruptcy from joint creditors without creating additional difficult theoretical and practical problems under the Code. The most important difficulties concern the consequences of exempting the property for a joint creditor’s attempts to obtain satisfaction of his claim. If we were to adopt Sumy’s interpretation of the entireties exemption, and if Sumy were to make full use of the Code’s broad powers and protections for debtors, he might be able to commit the very “legal fraud” that we have repeatedly condemned.
The basic debtor protections on discharge include elimination of personal liability and an injunction against attempts to collect *930 past debts from the debtor.[19] The effect of these protections or weapons may be blunted by withholding or conditioning the discharge until the joint creditor obtains satisfaction in state court,[20] but similar protections relating to exempt property are not so obviously avoidable. If the debtor’s interest in entireties property is exempt under § 522(b)(2)(B), then most pre-petition judicial liens on that property would impair that exemption and be avoidable at the debtor’s option under § 522(f)(1).[21] Moreover, merely withholding the discharge while a joint creditor pursues his remedies in state court may not suffice, because the debtor may be able to use § 522(f)(1) to avoid post-petition liens as well.[22]
Section § 522(c) complements subsections (b) and (f) by protecting the property itself. It provides that “property exempted under this section is not liable during or after the case for any debt of the debtor that arose ... before the commencement of the case.” Even assuming that the joint creditors act quickly enough to stay the discharge and preserve personal liability, *931 they cannot collect on their claims without proceeding against the property, but that is what § 522(c) proscribes.[23] Thus, the Code’s exemption and avoidance powers, coupled with the debtor’s erroneous interpretation of the entireties exemption, seem to give the debtor the power to reach what is clearly an improper result.[24] On the other hand, if the debtor’s interest in the property is not exempt under § 522(b)(2)(B), the debtor cannot lay claim to such powers, and the property itself may be administered by the trustee under § 363.[25]
Joint creditors often may choose among different methods to obtain satisfaction, but we note several practical concerns that support our result and the availability of *932 § 363(h).[26] For example, bankruptcy law’s longstanding principle of equal treatment of similarly situated creditors may be violated, and joint creditors who race to have the stay lifted and to state court may obtain an undeserved advantage. Each joint creditor may have to move separately for an order lifting the stay, and each may incur additional and largely duplicative expenses proceeding against the debtors and the property in state court. Some joint creditors, such as the four in this ease whose claims total less than $1500, may not have a sufficient individual incentive to pursue their claims at all outside of the bankruptcy arena. Once the parties are freed of the stay, priorities will be determined in state court largely according to state law, and the bankruptcy court will relinquish control over collection of the claims.[27] If joint creditors do not act quickly enough to preserve their rights in state court, the debtor may secure a discharge and thus accomplish the “legal fraud” condemned in Phillips.
Another practical problem is that the discharge of the debtor must be withheld during the pendency of the underlying lawsuit and execution and foreclosure action in state court, which hinders the debtor in obtaining a prompt fresh start from bankruptcy. This same lengthy delay may also postpone distribution of the assets to creditors of the estate, because a joint creditor, even if secured, may emerge from the state proceedings with its claim less than wholly satisfied and thus be due some share from the estate. Thus, we agree with the Sixth Circuit, that “[i]n appropriate cases, the court may lift the automatic stay to allow the creditor to proceed against the entire-ties property in state court,” but that, especially where the trustee does not request that relief, “[w]e see no reason for such a procedure here, when judicial economy would be better served by a single proceeding in bankruptcy court.” Grosslight, 757 F.2d at 777.
IV.
To summarize, we hold that, to the extent the debtor and the nonfiling spouse are indebted jointly, property owned as a tenant by the entireties may not be exempted from an individual debtor’s bankruptcy estate under § 522(b)(2)(B) and the trustee may administer such property for the benefit of the joint creditors under § 363(h). Accordingly, the judgment of the district court is reversed, and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. All .further references to the Bankruptcy Code and to individual section numbers refer to Title 11 of the United States Code.

. See Greenblatt v. Ford, 638 F.2d 14 (4 Cir.1981); Ragsdale v. Genesco, Inc., 674 F.2d 277 (4 Cir.1982); cf. Sovran Bank, N.A. v. Anderson, 743 F.2d 223 (4 Cir.1984) (reviewing lifting of the automatic stay over debtor’s claim of exemption); Chippenham Hospital, Inc. v. Bondurant, 716 F.2d 1057 (4 Cir.1983) (same).

. Section 522(d) lists federal bankruptcy exemptions, and § 522(b)(1) allows a debtor to choose those exemptions “unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize.” All of the states in this circuit and most states nationwide have opted out of the federal bankruptcy exemptions. See 7 Collier on Bankruptcy 1 n. 6 (15th ed. 1985).

. Section 363(f) provides in full:
(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
(1) applicable nonbankruptcy law permits sale of such property free and clear of such interests;
(2) such entity consents;
(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
(4) such interest is in bona fide dispute; or
(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

. Section 363(h) provides:
(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate’s interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
(1) partition in kind of such property among the estate and such co-owners is impracticable:
(2) sale of the estate’s undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of such co-owners;
(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
(4) such property is not used in the production, transmission or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.
For examples of application of this section to entireties property, see In re Hamilton, 32 B.R. 337 (Bankr.M.D.Tenn.1983); In re Rizzo, 21 B.R. 913 (Bankr.W.D.N.Y.1982) (spouses offered to pay for non-exempt portions of the entireties property); In re Koehler, 19 B.R. 308 (Bankr.M.D.Fla.1982), and 6 B.R. 203 (Bankr.M.D.Fla.1980) ; In re Redmond, 15 B.R. 437 (Bankr.E.D.Tenn.1981); cf. In re Lambert, 34 B.R. 41 (Bankr.D.Colo.1983) (joint tenancy).

. E.g., Ray v. Dawson, 14 B.R. 822, 824 (E.D.Tenn.1981) (“In Tennessee, neither spouse can convey or encumber property held by the entirety in a manner that will affect the other’s interest ... [and] property held by the entirety is exempt from process by the creditors of an individual spouse.’’); In re Crouch, 33 B.R. 271, 273 (Bankr.E.D.N.C.1983) ("In North Carolina, however, individual creditors of a husband and wife can not reach entirety property upon a judgment procured against either the husband or wife alone, and the entirety property may be exempted under 11 U.S.C. § 522(b)(2)(B).”); In re Banks, 22 B.R. 891, 892 (Bankr.W.D.N.C.1982) (same); In re Woolard, 13 B.R. 105, 107 (Bankr.E.D.N.C.1981) (same); In re Martin, 20 B.R. 374, 377 (Bankr.E.D.Va.1982); see generally In re Thomas, 14 B.R. 423, 426 (Bankr.N.D.Ohio 1981) (stating that twelve to sixteen of the twenty-one to twenty-six entireties jurisdictions follow this majority rule); Ackerly, Tenants by the Entirety Property and the Bankruptcy Reform Act, 21 Wm. & Mary L.Rev. 701, 702-03 (1980) (one of the fundamental characteristics of tenancy by the entirety property is that neither spouse may subject the property to the payment of his or her individual debts).

. "In all states where property may be held by the entireties, a joint creditor is permitted to execute on entireties assets." Comment, 28 U.Pitt.L.Rev. 267, 286 (1966). See, e.g., In re Crouch, 33 B.R. 271, 274 (Bankr.E.D.N.C.1983) ("tenancy by the entirety property in North Carolina is subject to the claims of creditors having a joint judgment against both husband and wife”); In re Woolard, 13 B.R. 105, 107 (Bankr. E.D.N.C.1981) (same); In re Martin, 20 B.R. 374, 377 (Bankr.E.D.Va.1982).

. E.g., Bondurant, supra at 1058; Seats, supra at 1178; Davison, supra at 1222; Reid v. Richardson, 304 F.2d 351, 355 (4 Cir.1962); Phillips, supra at 765.

. One court stated:
Under the old Act it was necessary to follow the somewhat clumsy procedure of granting to those joint creditors who filed complaints relief from stay and a stay of discharge so that action could be taken in state courts. In my opinion, such an inadequate device is no longer necessary.
In re Trickett, 14 B.R. 85, 90 (Bankr.W.D.Mich.1981). See also In re Rodgers, 5 B.R. 761, 765 (Bankr.W.D.Va.1980) (prior law that allowed a homestead waiver note holder to stay discharge and pursue the property in state court was overruled by enactment of § 541).

. The bankruptcy court in this case obviously did not feel constrained by Ford, and other writers have recognized that much of what was said in Ford was dicta. See In re McQuaige, 38 B.R. 261, 263 (Bankr.D.Md.1984); In re Martin, 20 B.R. 374, 376-77 (Bankr.E.D.Va.1982); Comment, 28 Vill.L.Rev. 655, 665 n. 58 (1983) (“The Ford opinion does not indicate whether joint creditors of Mr. and Mrs. Ford actually existed."); cf. In re Blum, 39 B.R. 897 (Bankr.S.D.Fla.1984) (citing Ford as dealing with the situation when only one spouse is in bankruptcy and contrasting that situation with the presence of joint creditors).

. Depending on the circumstances, this procedure for realization on collateral securing joint debts may involve many of the same practical problems mentioned later in text, but it does not have the key defect of the avoidability of the creditor’s interest under § 522(f)(1). That section only applies to judicial liens, not to voluntarily created security interests. Section 522(f)(2) does apply to security interests, but it does not cover real estate, which was the type of property involved in Anderson and which is at issue here and in most other § 522(b)(2)(B) cases. Similarly, the protections of sections 522(c) and 524(a) do not bar the enforcement of valid and unavoided security interests. See § 522(c)(2) and Pub.L. No. 98-353, § 308(a), 98 Stat. 333, 354 (1984) (deleting the words “or from property of the debtor" from § 524(a)(2)).

. For example, one important fragment of legislative history demonstrates the interrelationships among the several sections and the changes from prior law. The passage deals directly with what property becomes part of the estate under § 541, but it also obviously refers to § 363(h) and is important in construing the scope of the § 522(b)(2)(B) exemption:
The bill also changes the rules with respect to marital interests in property. Interests in the nature of dower and curtesy will not prevent the property involved from becoming property of the estate, nor will it prevent sale of the property by the trustee. With respect to other co-ownership interest[s], such as tenancies by the entirety, joint tenancies, and tenancies in common, the bill does not invalidate the rights, but provides a method by which the estate may realize on the value of the debtor’s interest in the property while protecting the other rights. The trustee is permitted to realize on the value of the property by being permitted to sell it without obtaining the consent or a waiver of rights by the spouse of the debtor or the co-owner, as may be required for a complete sale under applicable State law. The other interest is protected under H.R. 8200 by giving the spouse a right of first refusal at a sale of the property, and by requiring the trustee to pay over to the spouse the value of the spouse’s interest in the prop *928 erty if the trustee sells the property to someone other than the spouse.
H.R.Rep. No. 595, 95th Cong., 1st Sess. 177 (1977), reprinted in 1978 U.S.Code Cong. & Ad.News 5963, 6137-38 (emphasis added; footnotes omitted).

. As the Sixth Circuit recently observed, because each spouse owns the whole estate and each spouse is liable for the whole debt, it is a false distinction to declare that a joint creditor cannot reach a spouse’s individual undivided interest in entireties property. A joint creditor would inevitably seek the joint interests to satisfy a joint and several liability, and under state law he could do so.
Liberty State Bank & Trust v. Grosslight, 757 F.2d 773, 776 (6 Cir.1985); see also Napotnik v. Equibank & Parkvale Savings Association, 679 F.2d 316, 320 (3 Cir.1982) ("If creditors on a joint debt may levy and execute upon the property itself, then it does seem to follow that each co-owner's interest in that property is subject to process."); id. at 321. Although the estate by entireties originated from a mystical unity of the two spouses, and one court has suggested that it may have biblical origins, In re Jeffers, 3 B.R. 49, 52 n. 5 (Bankr.N.D.Ind.1980), a creditor must only have a joint claim and need not invoke any magic formula to reach such property. Cf. State v. Friedman, 283 Md. 701, 708, 393 A.2d 1356, 1360 (1978) ("there is no requirement in this context that the judgments be perfected against the husband and wife at the same instant").

. For examples of proper application of the exemption as it relates to joint and individual creditors, see In re Sefren, 41 B.R. 747 (Bankr.D.Md.1984), and In re Seidel, 38 B.R. 264 (Bankr.D.Md.1984). We also agree with the conclusion stated in Sefren and Seidel that the joint creditors need not obtain or already possess a joint judgment against the debtor and the nonfiling spouse or a lien against their entireties property. See also In re Hovatter, 25 B.R. 123, 125 (Bankr.D.Del.1982). Section 502(c) provides for the evaluation of contingent or unliquidated claims, and § 544(a) gives the trustee, who is the representative of the unsecured creditors, the rights of a judicial lien creditor. Bankruptcy law thus provides the tools to fill in the missing security or state law judgment for the benefit of the joint creditors. See In re Blum, 39 B.R. 897, 899 (Bankr.S.D.Fla.1984); In re D’Avignon, 34 B.R. 790, 796 (Bankr.D.Vt.1981), aff’d, 34 B.R. 796 (D.Vt.1982); In re Jeffers, 3 B.R. 49, 57 (Bankr.N.D.Ind.1980). Moreover, the absence of a judgment or lien has no bearing on the hypothetical issue of whether the debtor’s interest would be exempt from process tinder state law, so the property cannot be exempted and remains part of the estate to the extent of joint claims regardless of the joint creditors’ actual possession of a judgment or lien under state law.

. One could reconcile Ragsdale’s holding with the debtor’s argument based on Ford that the interests of both spouses must be joined in a single proceeding or case, but a more steadfast adherence to this detailed parsing of interests might conclude, contrary to Ragsdale, that the sum of two exempt individual interests is still exempt. See In re Blum, 39 B.R. 897, 899 (Bankr.S.D.Fla.1984) ("The Debtors argue that one spouse’s interest in entireties property is exempt by virtue of § 522(b)(2)(B), that each spouse is entitled to claim his own exemptions separately, and thus that the entireties property is exempt.”); In re D’Avignon, 34 B.R. 790, 795 (Bankr.D.Vt.1981) (similar debtors’ argument), aff’d, 34 B.R. 796 (D.Vt.1982); cf. In re Jeffers, 3 B.R. 49, 52-53 (Bankr.N.D.Ind.1980) (entireties property does not become property of the estate and cannot be exempted because under Indiana law neither spouse alone holds a separate interest). In any event, Ragsdale's essential conclusion is that property subject to joint claims and judgment liens is not exempt, and that is the same conclusion that we apply to our facts.

. See In re Riley, 48 B.R. 194 (Bankr.E.D.Pa.1985); In re Sefren, 41 B.R. 747 (Bankr.D.Md.1984); In re Blum, 39 B.R. 897, 900 (Bankr.S.D.Fla.1984); In re Seidel, 38 B.R. 264 (Bankr.D. Md.1984); In re McQuaige, 38 B.R. 261 (Bankr.D.Md.1984); In re D’Avignon, 34 B.R. 790 (Bankr.D.Vt.1981), aff’d, 34 B.R. 796 (D.Vt.1982); In re Hovatter, 25 B.R. 123 (Bankr.D.Del.1982); In re Martin, 20 B.R. 374, 377 (Bankr.E.D.Va.1982) (entireties property is exempt from process under Virginia law and under § 522(b)(2)(B) "to the extent that creditors of only one of the spouses seek to levy on the property,” but "this exemption does not apply to a joint creditor of the tenants by the entirety owners.”): In re Koehler, 19 B.R. 308 (Bankr.M.D.Fla.1982), 6 B.R. 203 (Bankr.M.D.Fla.1980); In re Korff, 14 B.R. 189 (Bankr.E.D.Mich.1981) (debtors sought to change from state to federal exemptions, because they "realized that under applicable state law the entireties property was not exempt from process to the extent of the claims of joint creditors”); In re Trickett, 14 B.R. 85 (Bankr.W.D.Mich.1981); In re Cipa, 11 B.R. 968 (Bankr.W.D.Pa.1981).

. See Kosto v. Lausch, 16 B.R. 162 (M.D.Fla.1981); Ray v. Dawson, 14 B.R. 822 (E.D.Tenn.1981) ; In re Pauquette, 38 B.R. 170 (Bankr.D.Vt.1984); In re Gibbons, 17 B.R. 373 (Bankr.D.R.I. 1982) ; In re Thomas, 14 B.R. 423 (Bankr.N.D.Ohio 1981); In re Lunger, 14 B.R. 6 (Bankr.M.D.Fla.1981); In re Williamson, 11 B.R. 791 (Bankr.W.D.Pa.1981); In re Barsotti, 7 B.R. 205 (Bankr. W.D.Pa.1980); In re Thacker, 5 B.R. 592 (Bankr.W.D.Va.1980); In re Shaw, 5 B.R. 107 (Bankr.M.D.Tenn.1980). For example, Thacker, which also involved a trustee’s request for a lift stay order, stated:
In Virginia, as in many other states, the interest of one spouse in entireties property is not subject to execution by the creditors of that spouse only. This is obviously what Congress intended to exempt, and ... [t]herefore, the entireties interests of the Debtors in the instant case are exempt under § 522(b)(2)(B).
5 B.R. at 595. See also Vogler, Bankruptcy Code: Effect on property held as a tenant by the entirety, 56 Fla.B.J. 795, 796 (1982) (emphasizing the importance of the distinction between individual and joint creditors); Comment, supra note 10, at 664-65 ("Because the creditor of only one spouse has different rights from those of a joint creditor against entireties property, the cases have turned almost exclusively on whether the debtor was liable on a joint debt. Where the objection to the exemption of entireties property is filed by a creditor of only one spouse, the courts usually grant the debtor’s exemption____ A different situation is presented when a joint creditor of both husband and wife objects to the debtor's exemption of entire-ties property.”) (original emphasis; footnotes omitted).

. See In re Phillos, 14 B.R. 781 (Bankr.W.D.Va.1981); In re Woolard, 13 B.R. 105 (Bankr.E.D.N.C.1981); cf. In re Traurig, 34 B.R. 325 (Bankr.S.D.Fla.1983) (trustee’s objection to exemptions untimely; alternatively, mere presence of secured joint creditor did not deprive debtor of entireties exemption, but proper procedure was to seek lifting of stay).

. Section 524(a) provides:
A discharge in a case under this title—
(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, or 1328 of this title, whether or not discharge of such debt is waived;
(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

. Of course, this assumes that the creditor is aware of its rights and acts promptly to protect them. One creditor who acted promptly but did not have its motions decided until after the debtor's discharge managed to have the discharge injunction of § 524 modified, so that it could "pursue its claim against the debtor in the state court to the extent of obtaining a judgment lien against the tenancy by the entirety property, provided that [the creditor] may not obtain a personal judgment against the debtor or a lien against the after acquired property of the debt- or.” In re Snow, 38 B.R. 19 (Bankr.M.D.Fla. 1983). We question whether a creditor without a pre-bankruptcy judgment against the debtor could obtain a lien on the property in state court without first obtaining a personal judgment against the debtor (and his spouse), so even this strained construction of § 524 may not be enough to provide a joint creditor with relief after a discharge is granted. Other courts have used their power to reopen a case to modify the discharge injunction and to prevent “legal fraud” from occurring. See, e.g., In re Costley, 39 B.R. 585 (Bankr.E.D.Va.1984); In re Tyler, 27 B.R. 289 (Bankr.E.D.Va.1983) (reopened husband’s case and consolidated it with his wife’s). We commend the result reached in Costley and Tyler, but we note that if the Sixth Circuit’s absolute interpretation of the effects of discharge is correct, see Munoz v. Dembs, 757 F.2d 777, 780 (6 Cir.1985) ("It follows that there can be no post-discharge efforts to reach exempted property.”), this avenue of relief may also be unavailable.

. Section 522(f) provides:
Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is — (1) a judicial lien____
Other decisions have noted this potential problem. See In re Jeffers, 3 B.R. 49, 56 n. 23 (Bankr.N.D.Ind.1980); In re McQuaige, 38 B.R. 261, 263 (Bankr.D.Md.1984) (post-petition judgment lien will not impair exemption only because entireties property is not exempt from process by joint creditors). One court simply refused to apply § 522(f)(1), because it believed the result would be untenable when only one spouse is in bankruptcy and there is no limit on the amount of the exemption. In re Marino, 27 B.R. 282 (Bankr.N.D.Ind.1983).

. We have held that a debtor may reopen a closed case to file a post-discharge complaint under § 522(f) to avoid a prepetition lien. Hawkins v. Landmark Finance Co., 727 F.2d 324 (4 Cir.1984). Section 522(f) may be unavailable to protect afteracquired property of the debtor, In re Clowney, 19 B.R. 349 (Bankr.M.D.N.C.1982), but we see no similar barriers to application of § 522(f) to pre-petition property. See In re Tarrant, 19 B.R. 360 (Bankr.D.Alaska 1982) (pre-petition liens avoided by post-discharge complaint); cf. In re Stephenson, 19 B.R. 185 (Bankr.M.D.Tenn.1982) (post-discharge complaint to reopen case and avoid pre-petition judicial lien under § 522(f)(1); relief denied because exemption under Tennessee law not impaired); In re Rizzo, 21 B.R. 913 (Bankr.W.D.N.Y.1982) (post-discharge consideration of § 363(h) and § 522(b)(2)(B) issues). Moreover, it would be against basic bankruptcy principles of equitable distribution to treat a pre-petition lien creditor worse than a prepetition unsecured *931 creditor who later obtains a lien on the debtor’s property.

. One commentator noted the potential mischief that § 522(c) might work and suggested that courts effectively read the statute to provide that "property exempted under this section [except under subsection (b)(2)(B) ] is not liable during or after the case for any debt of the debtor.” Ackerly, supra note 5, at 721-29. Some courts have also noted this potential problem and have avoided it by construing § 522(c) to protect “only the Debtor’s undivided interest in this entireties property,” In re Martin, 20 B.R. 374, 377 (Bankr.E.D.Va.1982); In re Phillos, 14 B.R. 781, 784 (Bankr.W.D.Va.1981), although after a sale of the property under state court supervision the debtor obviously will lose this undivided interest as well as all other interests in the property. We believe that the more straightforward answer to this problem is to hold that entireties property is not exempt under § 522(b)(2)(B) to the extent of joint claims.

. This possibility of “legal fraud” remains a reality. See Munoz v. Dembs, 757 F.2d 777 (6 Cir.1985); In re Palazzolo, 20 B.R. 692 (Bankr.E. D.Mich.1982); cf. Harris v. Manufacturers National Bank of Detroit, 457 F.2d 631 (6 Cir.), cert. denied, 409 U.S. 885, 93 S.Ct. 118, 34 L.Ed.2d 142 (1972) (under 1898 Act, husband discharged, so debt no longer joint and creditor could not reach entireties property); Fetter v. United States, 269 F.2d 467 (6 Cir.1959) (same); In re Shaw, 5 B.R. 107, 111 (Bankr.M.D.Tenn. 1980) (same); Ades v. Captan, 132 Md. 66, 103 A. 94 (1918) (same).
The debtor in In re Trickett, 14 B.R. 85 (Bankr.W.D.Mich.1981), was fully aware of these potential powers and used them to argue in support of his claimed exemption:
Trickett claims that joint creditors may not reach the entireties property because it would be necessary for such creditors to obtain a joint judgment against him and his wife and file a levy on such property. At this time a judicial lien would exist which Trickett asserts would be avoidable under 11 U.S.C. Sec. 522(f)(1) since it would impair the exemption to which he was entitled under Subsection (b).
14 B.R. at 89. The court recognized that the argument was backwards, and that the proper way out of the trap was to conclude that “[a]s to joint claimants, this property is not exempt from process under applicable nonbankruptcy law. Thus, there can be no impairment of the exemption.” Id.

. Section 363 gives the trustee the right to sell the property free and clear of the spouse’s interest, subject to the spouse's right of first refusal, but the same net result could be achieved by the spouse paying the joint debts from outside funds or (if the creditors will agree) by the debtor reaffirming the joint debts, and the condition in § 363(h)(1) implies that if partition is practicable, that option also may be available. At least one court has also held that the trustee may short-cut the Phillips procedure and may himself administer property that is not even part of the estate under § 544. In re Jeffers, 3 B.R. 49 (Bankr.N.D.Ind.1980), stated:
Under Section 544(a)(1), the trustee is clothed with the rights of a creditor who could have obtained a judicial lien against the property of both debtors. In a practical sense, the trustee is the agent of joint creditors of the debtors. Under Indiana law, a joint creditor may levy upon and sell entireties property____ Therefore, under Section 544(a)(1) the trustee is in the position of a joint creditor of the debtors and should be able to administer and sell their entireties real estate and distribute the proceeds of the sale, after payment of all creditors holding liens, to the joint creditors of the debtors.
Id. at 57; see also In re Blum, 39 B.R. 897, 899 (Bankr.S.D.Fla.1984); In re D’Avignon, 34 B.R. 790, 796 (Bankr.D.Vt.1981), aff’d, 34 B.R. 796 (D.Vt.1982); cf. In re Utz, 7 F.Supp. 612, 612-13 (D.Md.1934) (under former 11 U.S.C. § 75(a)(2) trustee was clothed with the powers of a judgment creditor, so a trustee in consolidated bankruptcy proceedings could exercise the powers of a joint judgment creditor of both husband and wife). Since the district court’s decision granted the debtor’s claimed exemption in this case, the trustee did not argue the merits of the particular procedures he sought to use to realize on the entireties property for the joint creditors. He did argue on appeal that § 363(h) should be available, and we have agreed with him, but we do not decide the applicability of subsections (1) through (4) of § 363(h) or of § 544(a) in this case.

. There may well be other circumstances in which § 363(h) applies, see Ford, 3 B.R. at 578; In re Hamilton, 32 B.R. 337 (Bankr.M.D.Tenn.1983), but we believe that facts such as those at bar were primarily what Congress had in mind when it enacted § 363(h) and that to preclude its application here would substantially undercut the congressional scheme.

. One court noted:
[T]he creditors’ successful pursuit of the remedy will be that the creditor holding a joint obligation of the debtor and his spouse who is first to obtain judgment and a writ of execution will thereby gain the rights against all the entirety property. Thus, in all likelihood, one or two of the creditors of the [debtors] will obtain the property held in tenancy by the entirety to the exclusion of the other creditors. Whereas, if the property were distributed according to the rules governing bankruptcy distribution, it would be parcelled out among the creditors of the debtor pro rata and thus, presumably, more equitably.
In re Anderson, 12 B.R. 483, 490-91 (Bankr.W.D.Mo.1981); see also Craig, supra p. 10, at 288-89 (noting inequity and problems of former procedure in relation to primary purposes of bankruptcy); Plumb, The Recommendations of the Commission on the Bankruptcy Laws — Exempt and Immune Property, 61 Va.L.Rev. 1, 123 (1975) (noting "serious procedural complications” facing joint creditor under former Bankruptcy Act); Note, Estates by the Entirety in Bankruptcy, 15 U.Mich.J.Law Ref. 399, 408-10 (1982) (§ 363(h)'s "comprehensive procedure” "fulfills several goals of bankruptcy policy" and avoids the pitfalls of former procedure for joint creditors to reach entireties property).