**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 22-1964**

—————————

RONALD LEE MORGAN,

        Debtor – Appellant,

    v.

DANIEL CLARKSON BRUTON,

        Trustee – Appellee,

ROBERT EDMUNDS PRICE,

        Intervenor.

—————————

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Loretta C. Biggs, District Judge.  (1:21-cv-00891-LCB)

—————————

Argued:  October 24, 2023                    Decided:  April 17, 2024

—————————

Before HEYTENS and BENJAMIN, Circuit Judges, and Elizabeth W. HANES, United States District Judge for the Eastern District of Virginia, sitting by designation.

—————————

Affirmed by published opinion. Judge Hanes wrote the opinion, in which Judge Heytens and Judge Benjamin joined.

—————————

**ARGUED:**  Joshua H. Bennett, BENNETT GUTHRIE, PLLC, Winston-Salem, North Carolina, for Appellant.  Daniel Clarkson Bruton, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellee.  Robert Edmunds Price, Jr., ASSISTANT UNITED

STATES BANKRUPTCY ADMINISTRATOR, Greensboro, North Carolina, for Intervenor. **ON BRIEF:** Elizabeth F. Lawson, BENNETT GUTHRIE, PLLC, Winston-Salem, North Carolina, for Appellant.

ELIZABETH W. HANES, United States District Judge, sitting by designation:

Ronald Lee Morgan filed for Chapter 7 bankruptcy in North Carolina. During the bankruptcy proceedings, Morgan sought to exempt his home—owned jointly with his wife as tenants by the entirety—from the bankruptcy estate to the extent of his outstanding tax debt to the Internal Revenue Service ("IRS"). The bankruptcy court disallowed the exemption, and Morgan appealed. We affirm.

## I.

In July 2021, Morgan filed for relief under Chapter 7 of the Bankruptcy Code. J.A. 18. Morgan listed his single-family home, in which he had an interest as a tenant by the entirety, in his relevant schedule of assets. J.A. 27. Morgan also reported a debt he owed to the IRS, which thereafter filed a proof of claim with the bankruptcy court for the unsecured debt. J.A. 41, 162–65. Morgan's wife did not jointly owe the debt to the IRS and did not file for bankruptcy. J.A. 18, 27, 47.

Morgan sought to exempt the home from the bankruptcy estate under 11 U.S.C. § 522(b)(3)(B). J.A. 34. This section allows a debtor to keep his entireties interest outside of the bankruptcy estate, thus protecting the property from creditors, "to the extent that such interest . . . is exempt from process under applicable nonbankruptcy law." 11 U.S.C. § 522(b)(3)(B). The trustee of the bankruptcy estate objected to Morgan's claim for an exemption, arguing that "under state law, particularly in North Carolina, tenancy by the entireties property is generally exempt from execution by creditors of only one spouse . . . [but] that rule does not apply to tax obligations owing to the United States." J.A. 79. The trustee requested the exemption "be denied with respect to any claim owing

3

to the IRS (and any creditor that is owed money by the Debtor jointly with his non-filing spouse)." J.A. 80. After argument on the issue, the bankruptcy court sustained the objection, and on appeal, the district court affirmed. J.A. 117–18, 168. Morgan now appeals the district court's ruling, arguing that, in order for his IRS debt to override the entireties exemption under § 522(b)(3)(B), the IRS must have obtained a perfected tax lien on the property prior to the filing of the bankruptcy petition.

## II.

"In reviewing the judgment of a district court sitting in review of a bankruptcy court, [this Court] appl[ies] the same standard of review that was applied by the district court." *Copley v. United States*, 959 F.3d 118, 121 (4th Cir. 2020) (citing *Three Sisters Partners, L.L.C. v. Harden* (*In re Shangra-La, Inc.*), 167 F.3d 843, 847 (4th Cir. 1999)). Accordingly, the Court reviews the bankruptcy court's legal conclusions *de novo* and factual findings for clear error. *Id.* (citations omitted).

## III.

Under federal bankruptcy law, a debtor's estate generally includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The property in the debtor's estate may be distributed by the trustee to satisfy debts. *Id.* §§ 704(a)(1), 726. Exemptions permit a debtor to exclude certain property from the estate and therefore avoid distribution of the property. Relevant to this case, a debtor may exempt

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint

4

tenant to the extent that such interest as a tenant by the entirety or joint tenant is *exempt from process under applicable nonbankruptcy law . . . .*

11 U.S.C. § 522(b)(3)(B) (emphasis added).[1] "Applicable nonbankruptcy law" includes both state and federal law. *Patterson v. Shumate*, 504 U.S. 753, 758 (1992).

## IV.

The issue then is whether Morgan's interest in his home as a tenant by the entirety is "exempt from process" under "applicable nonbankruptcy law." We conclude that it is not.

As an initial matter, there is no dispute that North Carolina law shields Morgan's home from non-joint creditors. *Dealer Supply Co. v. Greene*, 422 S.E.2d 350, 352 (N.C. App. 1992) ("In North Carolina, it is well established that an individual creditor of either a husband or a wife has no right to levy upon property held by the couple as tenants by the entirety."); *accord L & M Gas Co. v. Leggett*, 161 S.E.2d 23, 26 (N.C. 1968); *Grabenhofer v. Garrett*, 131 S.E.2d 675, 677 (N.C. 1963).

Morgan does not fare as well under federal law. Morgan owed a debt to the IRS. Under the Tax Code, "[i]f any person liable to pay any tax neglects or refuses to pay the

---

[1] Application of the § 522(b)(3)(B) exemption may not remove a property from the bankruptcy estate entirely. *See* 11 U.S.C. § 522(b)(3) (stating that an exemption is only applicable "*to the extent*" that the relevant property interest is exempt from process (emphasis added)); *Sumy v. Schlossberg*, 777 F.2d 921, 928 (4th Cir. 1985) ("A debtor does not lose all benefit of § 522(b)(2)(B) when joint creditors are present, but he does not benefit from it to the extent of joint claims."); *see also In re Sefren*, 41 B.R. 747, 749 (Bankr. D. Md. 1984) (stating that the trustee could not "defeat the debtor's claim of entireties exemptions *in toto* merely because there was one joint, unsecured claim at the time of filing" and thus the balance of the property interest was exempt from other creditors' claims).

5

same after demand, the amount . . . shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. In *United States v. Craft*, the Supreme Court considered whether a federal tax lien provided for in § 6321 could attach to a husband's entireties interest when only the husband owed the debt to the IRS. 535 U.S. 274, 276 (2002). The *Craft* Court found that "each tenant [in a tenancy by the entirety] possesses individual rights in the estate sufficient to constitute 'property' or 'rights to property' for the purposes of [a federal tax] lien." *Id.* In reaching this conclusion, the Supreme Court recognized that while state law may create the legal "fiction" that each tenant in a tenancy by the entirety has no separate interest in the property, in substance he has all the "most essential property rights," even if he does not possess the right of unilateral alienation.[2] *Id.* at 276, 279, 282–85. The Supreme Court noted that statutory language authorizing a tax lien is "broad and reveals on its face that Congress meant to reach every interest in property that a taxpayer might have." *Id.* at 283 (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 719–20 (1985)). Accordingly,

---

[2] In *Craft*, the Supreme Court looked to the relevant state law—in that case, the law of Michigan—to determine the property rights a tenant holds in an entireties property. *Craft*, 535 U.S. at 279–82. As in Michigan, tenants by the entirety in North Carolina possess the most essential property rights, even if they do not possess the right to unilaterally encumber or alienate the property. *See* N.C. Gen. Stat. § 41-58(a) (providing that tenants by the entirety "shall have an equal right to the control, use, possession, and income from [the] property"); *id.* § 41-58(b) (providing that "[n]either spouse may bargain, sell, lease, mortgage, transfer, convey, sign, pay out, or in any manner encumber any property held by them as tenants by the entirety without the written joinder of the other spouse"); *id.* § 41-64(a) (providing a surviving spouse the right to survivorship in a tenancy by the entirety upon the death of the other spouse). The *Craft* Court's reasoning is equally applicable to a North Carolina tenancy by the entirety.

6

the husband's entireties interest constituted "property and rights to property" to which a federal tax lien could properly attach, even though his wife was not personally liable for the tax debt. *See id.* at 283, 288. Because a federal tax lien can attach to one spouse's interest in an entireties property, even when the tax debt is not jointly owed, the property is not "exempt from process" under federal nonbankruptcy law if the IRS has the right to obtain such a lien.

Morgan raises two alternative arguments in support of his position that his home was "exempt from process." First, Morgan asserts that the IRS must have actually obtained a lien prior to the bankruptcy filing; simply having the right to obtain the lien was insufficient. This argument is foreclosed by this Court's decision in *Sumy v. Schlossberg*, 777 F.2d 921 (4th Cir. 1985). In *Sumy*, we stated that "the absence of a judgment or lien has no bearing on the hypothetical issue of whether the debtor's interest would be exempt from process" under 11 U.S.C. § 522(b)(3)(B). *Id.* at 928 n.14. While *Sumy* involved joint creditors (i.e., creditors to whom both spouses were obligated), we see no reason to impose a different rule here.

Second, Morgan contends that *Craft* requires the IRS to perfect a lien against his property before he filed for bankruptcy. According to Morgan, *Craft*'s holding "hinged upon the crucial fact that the IRS had completed . . . the legal process of perfecting a lien on the tax debtors' property" by filing a Notice of Federal Tax Lien as provided under 26

7

U.S.C. § 6323(a).[3] Opening Br. at 11. Notice was essential, argues Morgan, because *Craft* addressed whether the tax lien attached to the interest of the spouse who did not owe the tax debt. *Id.* at 10–11. Without such notice in this case, he posits, "the IRS had no interest in the Property immediately before [the bankruptcy] filing," and North Carolina law—which protects tenancies by the entirety from creditors of an individual tenant—rendered the home "exempt from becoming part of the bankruptcy estate." *Id.* at 8.

This reading misconstrues *Craft*. Nothing in *Craft* limits its holding to instances where the IRS has perfected a tax lien against the property. *Craft* addressed whether a tax lien could attach to the interest of the spouse *who owed the tax debt*, not the spouse who did not owe the tax debt. *See Craft*, 535 U.S. at 278. Indeed, the notice was only relevant in *Craft* to the extent that it was necessary to understand the procedural history of the case, in which the husband—after receiving notice of a tax lien from the IRS—purported to transfer his interest in the entireties property to his wife, who was not liable for the debt and who later tried to sell the property. *Craft*, 535 U.S. at 276–77. The notice appeared in the title search, prompting the wife to file the action to quiet title that gave rise to *Craft*. *Id.* at 277. Nothing in this procedural background, or elsewhere in *Craft*, suggests that providing notice of the lien was necessary for the IRS to obtain an interest in the property.

---

[3] Section 6323(a) provides that a tax lien "imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof . . . has been filed by the Secretary." 26 U.S.C. § 6323(a).

Finally, to rule otherwise would create perverse incentives by allowing a debtor to shield his entireties property from federal tax obligations as long as the debtor files for bankruptcy before the IRS issues a demand for the taxes or a Notice of Federal Tax Lien. We decline to endorse such a result. *Cf. Sumy*, 777 F.2d at 925 (noting that under a prior version of the Bankruptcy Code, we had repeatedly condemned debtors' manipulation of the timing of bankruptcy proceedings to eliminate joint creditors' ability to reach entireties property); *Chippenham Hosp., Inc. v. Bondurant*, 716 F.2d 1057, 1058 (4th Cir. 1983) (same); *Matter of Seats*, 537 F.2d 1176, 1179 (4th Cir. 1976) (same).

## V.

In conclusion, we hold that property owned as a tenancy by the entirety may not be exempted from an individual debtor's bankruptcy estate under 11 U.S.C. § 522(b)(3)(B) to the extent of the debtor's tax debt to the IRS. Accordingly, the judgment of the district court is affirmed.

*AFFIRMED*